PEOPLE ex rel. ROLF v. COLER, Comptroller.

(Supreme Court, Appellate Division, First Department.    March 8, 1901.)

1. MANDAMUS—HEARING—QUESTION OF FACT—CONSENT—WAIVER.

Where, in mandamus proceedings against a city comptroller to compel him to direct payment to relator for work done under a contract with the city for the erection of a wooden pier and appurtenances, the question of fact raised by his return was as to whether relator complied with the labor law (Laws 1899, c. 567, § 3), by paying the prevailing rate of wages for a day's work in the same trade or occupation, the comptroller, having consented to try the issue presented before a referee, and made no objection when the case was brought to trial or final order entered, cannot on appeal for the first time object to the proceeding on the ground that mandamus was not the proper remedy.

2. SAME—CONTRACT WITH CITY—WAGES OF WORKMEN—RATE— COMPLIANCE WITH LAW—EVIDENCE—SUFFICIENCY.

The referee having found that the prevailing rate of wages for a day's work for dock builders was not less than a certain sum per hour, nor more than a certain other sum, and that the relator was paying his men more than the prevailing rate, and there being evidence that he was paying them more than a great majority of like employers, and none that he did not pay the prevailing rate, the evidence was sufficient to justify the referee's finding, and a writ of mandamus was properly granted.

3. SAME—COSTS—EXTRA ALLOWANCE.

Code Civ. Proc. § 2086, provides that, where an alternative writ of mandamus has been issued, costs may be awarded as in an action. Section 3251 prescribes the costs to which a party to an action is entitled. Section 3252 provides that in certain actions a party recovering costs may recover, in addition to the costs prescribed by section 3251, certain percentages on the amount found due. Section 3253 provides that in a difficult or extraordinary case, when a defense has been interposed, or in a special proceeding by certiorari to review an assessment, the court, in its discretion, may award an extra allowance not exceeding 5 per cent. on the sum recovered or claimed. Held, that since the granting of an extra allowance in a special proceeding, under section 3253, was limited to a proceeding by certiorari, the court had no power thereunder to allow relator in mandamus proceedings an extra allowance.

Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Mandamus by the people, on relation of Bernard Rolf, against Bird S. Coler, comptroller of the city of New York. From an order granting peremptory writ of mandamus, and from an order granting an extra allowance of costs to relator (68 N. Y. Supp. 446), respondent appeals. Order granting the writ affirmed, and order granting an extra allowance reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Theodore Connoly, for appellant.
L. Laflin Kellogg, for respondent.

INGRAHAM, J. In this proceeding an alternative writ of. mandamus was granted, to which the comptroller of the city of New York. made a return. The issues raised by that return were brought on for trial at the special term, when, by consent of the parties, a jury trial was waived, and the issues were referred to a referee, to hear and determine the same. The referee, after taking the testimony produced, made a report determining the issues of fact in favor of the relator, and reported that a peremptory writ of mandamus should issue as prayed for by the relator; and upon this report such a peremptory writ was granted at the special term. The question of fact raised upon this return was as to whether the relator, with whom the city of New York had made a contract to build a wooden pier and appurtenances at the foot of Broad street, East river, had complied with the provisions of section 3 of the labor law (chapter 567, Laws 1899), by paying the prevailing rate of wages for a day's work in the same trade or occupation to his employés. The comptroller having by stipulation waived the right of trial by jury, and consented to refer the action to a referee to hear and determine the issues presented in the proceeding, such trial before the referee was governed by the same rules that would have applied if the trial had been before a jury. The only question litigated before the referee was as to whether or not the relator did pay to his men "the prevailing rate of wages." No point was made that it was not proper to determine the question at issue in a proceeding for a mandamus; nor was there any motion made at the end of the relator's case or at the end of the whole case for a dismissal of the proceeding upon that ground. Nor does it appear that the objection was taken at special term when the case was brought on for trial, or when the final order was entered. The parties thus having proceeded by consent to try out the question of fact which was presented, we think any objection to the proceeding upon the ground that mandamus was not the proper remedy was waived; and, that point not having been taken in the court below, it cannot for the first time be taken on appeal. Where the parties had agreed to refer all the issues in a special proceeding to a referee, and had proceeded before the referee to try, as the only question presented, a question of fact, it would be unjust to allow either party upon appeal to raise for the first time the question as to the right to grant relief in such a proceeding rather than in an action at law. If the objection had been a proper one, seasonably taken, there would have been no necessity for the protracted trial of the question of fact. As the mode of trial in these proceedings is substantially that of the trial of an action at law, there is no reason why the parties should not, if they pleased, consent to try a question as to the liability of the city in such a proceeding, rather than in an action at law; and if they do not so consent,. or, by failing to take an objection to the form of the proceeding in time, waive the right to raise it, and then proceed to try the question.

of fact involved, they cannot, on appeal, insist upon a dismissal of the petition upon such ground.

Upon the facts, we think the referee correctly disposed of the controversy. The statute which it is claimed was violated provides that the wages to be paid for a legal day's work "shall not be less than the prevailing rate for a day's work in the same trade or occupation in the locality within the state where such public work on, about or in connection with which such labor is performed in its final or completed form is to be situated, erected or used." To have made this statute applicable, there must have been proof that there was a prevailing rate of wages, and also proof of what that prevailing rate was. This is necessarily a question of fact, and the evidence produced in this case illustrates the difficulty of determining that question. The workmen or mechanics upon whose labor the question arose in this case were dock builders working for the relator in constructing a dock for the city of New York, and it would appear from the testimony that employers of such workmen in this locality paid a varying rate of wages. The city of New York paid to its workmen who were employed by it one rate, and various contractors who were called as witnesses paid other rates. Certainly the sum fixed by the dock board as the wages for laborers that they employed cannot be said to be the prevailing rate of wages paid to dock builders; nor is there such unanimity among the other employers of workmen of this character, from which there could be a finding that there was a rate of wages which prevailed in this locality. But, however that is, the referee has found that the relator had complied with all the requirements of section 3 of the labor law; that the prevailing rate of wages for a day's work in the same trade and occupation in the locality where such work and labor were performed, for dock builders, during the months of June and July, 1900, was not less than 22 cents per hour, and not more than 27½ cents per hour,—this seeming to be the range within which the employers of labor paid their men; and, further, that the relator was paying in June and July, 1900, more than the prevailing rate of wages to the dock builders employed by him under the contract above referred to. Upon an examination of the testimony, it would appear that this finding was amply sustained by the evidence,—that a great majority of employers of labor of this character paid to their workmen considerably less than that paid by the relator; and certainly there is no evidence to justify a finding that the relator did not pay the prevailing rate for such labor. There was some evidence tending to show that a labor union had assumed to fix the rate of wages to be paid to dock builders in the city of New York; but this action of the labor union could only affect its members, and the evidence shows that its membership did not include anything like a majority of the workmen, and it would appear that many of its members accepted work for a less price than that fixed by it. But the legislature had not provided that the contractor should pay the rate of wages fixed by a labor union, or any other particular body or association, but that he is to pay the rate that prevails in the locality, which must mean, I suppose, the wages received generally by those who are working at the

same trade or occupation. As we think that any question except that one of fact which was tried before the referee was waived by the appellant's failing to object to the granting of the writ upon the ground that the relief could not be granted in this proceeding, and as there was no evidence to justify a finding that this relator had not paid the prevailing rate of wages, it follows that the writ was properly granted, and it should be affirmed, with costs.

The city also appealed from the order of the special term granting to the relator an allowance of 5 per cent. upon the amount involved in this proceeding. We think that the court had no power in such a proceeding to grant an extra allowance. By section 2086 of the Code it is provided that, where an alternative writ of mandamus has been issued, costs may be awarded as in an action. Section 3251 of the Code prescribed the costs to which a party to an action is entitled. Section 3252 of the Code provides that in certain actions a party, if he recovers costs, is entitled to recover, in addition to the costs prescribed in section 3251, certain percentages, to be estimated upon the amount found to be due. Section 3253 provides that:

"In a difficult or extraordinary case, when a defense has been interposed in an action, or, except in the First and Second judicial districts, in a special proceeding by certiorari to review an assessment, * * * the court may also, in its discretion, award to any party a further sum as follows, * * * in an action or special proceeding specified in this section where a defense has been interposed * * * a sum not exceeding five per centum upon the sum recovered or claimed, or the value of the subject matter involved."

And the authority to make an allowance to the relator must be found, if at all, in this section of the Code. In these sections (3251 and 3253) there is a distinction between the costs that the law awards to a party, and the "further sum" that the court has authority to award in certain specified actions and special proceedings. The allowance specified in section 3253 is not designated as "costs," but the court is given authority in the specific action or proceeding to grant to the successful party "a further sum" than that allowed to the prevailing party in an action as costs. So that, where a party to a special proceeding is entitled to have costs awarded to him as in an action, it would seem that the costs to be thus awarded would be confined to the costs which section 3251 awards to a party to an action as costs, and would not include the further sum that the court in certain specified actions and special proceedings are allowed to award the successful party. A special proceeding for a mandamus is not a special proceeding specified in the section. The only special proceeding there specified is a proceeding by certiorari to review an assessment under a special statute, and, as the only power given to award this further sum to a party is in a special proceeding specified in the section, there was no power to make such an award in this proceeding.

It follows that the order granting the additional allowance must be reversed, with $10 costs and disbursements, and that motion denied, with $10 costs.

RUMSEY, O'BRIEN, and HATCH, JJ., concur. VAN BRUNT, P. J., dissents.