CHARLES HERTEL, County Superintendent,

*v.*

LOUIS BOISMENUE.

*Opinion filed October 23, 1907.*

1. SCHOOLS—*decision of school board to remove township treasurer is not subject to review.* Trustees of schools have power, under the statute, to appoint a township treasurer for a term of two years and to remove him for good and sufficient cause; and this power of removal requires no formal charge, no notice to the incumbent, no form of procedure or trial, and is not subject to review.

2. SAME—*duty of county superintendent is to approve the bond.* If the bond of a township treasurer is in proper form and in the proper penalty at the time the bond is presented to the county superintendent for approval it is his duty to approve it, and his refusal to do so cannot be excused at the trial of a *mandamus* suit, some eight months later, because the township treasurer has then received so much additional funds that the penalty of the bond is not sufficient.

3. SAME—*the county superintendent has nothing to do with appointment of township treasurer but to approve bond.* The county superintendent has nothing to do with the appointment or removal of a township treasurer, as that power rests with the trustees alone, and when the bond is presented to him after its approval by the trustees, it is his duty to endorse his approval thereon, have it recorded and give the statement required by the statute to the appointee; and the performance of these duties may be compelled by *mandamus.*

4. MANDAMUS—*when former incumbent of office is not a necessary party to mandamus.* A township treasurer who has been removed from office by the trustees of schools is not a necessary party to a *mandamus* suit to compel the county superintendent to approve the bond of the new appointee to the office. (*Powell* v. *People,* 214 Ill. 475, distinguished.)

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding.

The appellee filed in the circuit court of St. Clair county his petition for a writ of *mandamus* commanding the appellant, who was county superintendent of schools, to approve petitioner's bond as township treasurer, and to deliver to petitioner a written statement of such approval and that petitioner is entitled to the care and custody, on demand, of all moneys, bonds, mortgages, notes and securities, and all books, papers and property, of every description, belonging to the township. The appellant filed an answer in the form of five pleas, the first denying appellee's appointment; the second denying that there was a vacancy in the office at the time of the alleged appointment; the third averring that the bond was not in proper form and the penalty thereof, which was $500,000, was insufficient; and the fourth averring that one Daniel Sullivan had been appointed treasurer of said township for the term of two years, which had not expired, that he had not been removed and there was no vacancy in said office, and the said Daniel Sullivan was then

treasurer of said township. The fifth plea alleged Sullivan's appointment and qualification as treasurer and that the trustees of the township attempted to make an order removing him, but that said order was without authority and without cause, because his term had not expired and he had in all respects efficiently executed all orders and requisitions legally made and entered of record by said board of trustees and had not been guilty of any improper conduct in the discharge of his duties as treasurer, and there existed no good cause for his removal in pursuance of the statute; that he was competent and able to and did efficiently perform the duties of said office. A demurrer was sustained to this plea and a trial had upon the other four. The issues were found for the petitioner and a judgment rendered awarding a peremptory writ of *mandamus,* which has been affirmed by the Appellate Court. The respondent has appealed from the judgment of affirmance to this court.

F. J. TECKLENBURG, State's Attorney, L. D. TURNER, and FORMAN & WHITNEL, for appellant:

In a proceeding for *mandamus* all persons whose rights will be affected by the proceeding are necessary respondents. Necessarily the writ will not be granted where it appears that persons not parties to the proceeding have rights which will be collaterally determined by the judgment if rendered as prayed. *Powell* v. *People,* 214 Ill. 475; *Wright* v. *Kelly,* 4 Idaho, 624; *Dement* v. *Rokker,* 126 Ill. 174; 13 Ency. of Pl. & Pr. 656; *Gaal* v. *Townsend,* 77 Tex. 464; *Matter of Stiles,* 69 N. Y. App. Div. 589.

The right of the party claiming the writ of *mandamus* must be clear and certain, absolute and positive, perfect and complete, and every material fact necessary to show the plain duty of the respondent to act must be proven. The writ will not be issued to enforce a doubtful right nor where the legal right is not clear and certain. *People* v. *Salomon,* 46 Ill. 415; *St. Clair County* v. *People,* 86 id. 396; *Super-*

*visors* v. *People,* 110 id. 577; *Hall* v. *People,* 57 id. 307; *People* v. *Elgin,* 66 id. 507.

KEEFE & SULLIVAN, for appellee:

In a proceeding by *mandamus* the right to office cannot be tried. One officer cannot be deposed and another vested with the right to office by this proceeding. The title to office can only be determined by *quo warranto. People* v. *Head,* 25 Ill. 291; *People* v. *Hilliard,* 29 id. 420; *People* v. *Higgins,* 15 id. 502; Throop on Public Officers, sec. 825.

The petition filed herein, and the proceedings under it, were not for the purpose of inducting appellee into office or compelling a surrender of an office, but were in the nature of a demand for the insignia of office, for which *mandamus* is the proper remedy. *People* v. *Hilliard,* 29 Ill. 413; *Delahanty* v. *Warner,* 75 id. 185; *People* v. *Kilduff,* 15 id. 493.

An officer authorized, upon certain conditions, to issue or revoke a license enabling the licensee to transact business within a State, acts ministerially, and not judicially, in issuing or revoking such a license, although he is required, in each case, to ascertain the existence of the facts upon which his authority is founded. Throop on Public Officers, sec. 538.

A ministerial act is one which a person performs in a given state of facts in a prescribed manner, in obedience to the mandate of legal authority, without regard to the exercise of his own judgment upon the propriety of the act being done. *People* v. *Bartels,* 138 Ill. 322; *Insurance Co.* v. *Tyler,* 60 Conn. 448; 23 Am. & Eng. Ency. of Law, 376.

Mr. JUSTICE DUNN delivered the opinion of the court:

The statute provides for the appointment of a township treasurer by the trustees of schools for a term of two years and authorizes his removal by the board for good and sufficient cause. (3 Starr & Cur. Stat. secs. 22, 23, p. 3657, and sec. 34, p. 3660.) The power of removal there given

requires no formal charge, no notice to the incumbent, no form of procedure or trial, and is not subject to review. (*People* v. *Higgins,* 15 Ill. 110; *Wilcox* v. *People,* 90 id. 186; *People* v. *Mays,* 117 id. 257.) In the case first cited it is said (p. 114): "Here the trustees were charged with the general management of the institution and were authorized to appoint a superintendent possessed of certain qualifications, and for the want of certain of those qualifications they might remove him. They are not bound down by any legal rule of evidence when determining as to the existence of those qualifications for the purpose of making the appointment; nor, on the other hand, are they thus restricted when determining upon the absence or want of certain qualifications when acting upon the question of removal. They may determine that question upon their own observation and exercising their own best judgment. * * * They may act upon their own judgment and their own observation, and whenever they are prepared to take the responsibility of saying that the incumbent does not possess the necessary qualifications for the office, they have the right, and it is their duty, to remove him for such cause." There was therefore no error in sustaining the demurrer to that part of the answer called the fifth plea.

The third plea avers that the bond was not sufficient in penalty or in proper form. No objection to the form is pointed out. The statute requires the penalty of the bond to be twice the amount of all bonds, notes, mortgages, moneys and effects. (3 Starr & Cur. Stat. sec. 1, p. 3671.) The penalty of the bond presented was $500,000, and the former treasurer testified that there were in his hands $243,-917.13. The penalty of the bond was more than twice this amount. The appellant offered to prove that other moneys came to the hands of the treasurer after the bond was executed, making the total amount handled by him since that date over $400,000. No offer was made to show when or from what source the additional sum was received. The

trial occurred in December, nearly eight months after the bond was presented for approval. If the penalty of the bond was sufficient when presented to the appellant, he cannot excuse his refusal to approve it by showing that at some time within the next eight months the funds increased so as to require an increase in the penalty of the bond. The same section of the statute which provides for the penalty of the bond provides for such increase of the penalty as the increase of the amount of notes, bonds, mortgages and effects may require.

It is insisted that Daniel Sullivan, the former treasurer, is a necessary party to this proceeding, because, it is said, his right to the office will be directly affected by the judgment. In this case his right to the office is in no way involved and the judgment cannot affect that question. In the case of *People* v. *Matteson,* 17 Ill. 167, an application was made for a peremptory *mandamus* against the Governor and Secretary of State to compel them to issue commissions to the relators, as police magistrates of the city of Chicago. At the election the relators had received the greater number of votes, but owing to the fact that the ballots cast for them were for "police justices" and not for "police magistrates," (the term used in the act under which the election was held,) it was contended that they were illegal and should not be counted. Accordingly commissions had been issued to the opposing candidates, who had received a smaller number of votes but for "police magistrates," and they had qualified and entered upon the duties of the said offices. The court awarded the writ, and said: "It was suggested at the bar, on behalf of those who received the commissions under this election, that *mandamus* will not lie to admit the relators to an office which is already filled. We recognize the rule as unquestioned that, ordinarily at least, the court will not by *mandamus* turn out one officer and admit another in his place. This we do not propose to do. We have nothing to do with those parties who are not now before us. This

decision does not affect their rights to their offices, one way or the other. If they were holding their offices rightfully before they will do so still, and if they had no legal right to the offices before, but were merely holding by color of office, this decision makes them no less officers *de jure.* Their right to the offices can be determined directly by *quo warranto.*" And to the same effect are *People* v. *Rives,* 27 Ill. 242, and *People* v. *Hilliard,* 29 id. 413.

In the case of *Powell* v. *People,* 214 Ill. 475, cited by the appellant, the writ commanded the respondents to strike from the civil service list of eligibles for chief sanitary inspector the name of the incumbent then holding the office, cancel and withdraw their certification of him for said office and certify the petitioner for appointment to said office. The effect of the judgment was to remove him at once from office in a proceeding to which he was not a party. In this case it was not proposed to turn anyone out of office. All the court was asked to do was to compel the county superintendent to perform his plain duty under the statute, leaving the parties to the remedies existing under the law. (*People* v. *Matteson, supra; People* v. *Rives, supra.*) The law gave the power of appointment and removal of the treasurer to the trustees alone, and with it the county superintendent had nothing to do. His only duty was with the treasurer's bond,—on its delivery to him, after being approved by the trustees, to endorse his approval thereon, have it recorded and give the statement required by the statute to the appointee. These are ministerial acts, the performance of which may be coerced by *mandamus.*

The judgment was right and will be affirmed.

*Judgment affirmed.*