The People of the State of Illinois ex rel. H. M. Roy, County Superintendent of Highways of Knox County, Illinois, Appellant, v. Board of Supervisors of Knox County, Illinois, and Knox County, Illinois, Appellees.

Gen. No. 7,872.

Opinion filed August 28, 1928.

R. D. ROBINSON, for appellant.

R. C. RICE and HARDY & HARDY, for appellees.

MR. PRESIDING JUSTICE JONES delivered the opinion of the court.

This is a mandamus proceeding instituted by the People on relation of H. M. Roy against the Board of Supervisors of Knox County, seeking to compel said board to restore the said Roy to the office of county superintendent of highways.

Roy was duly appointed to that office on June 9, 1924, and entered upon the discharge of his duties. On December 15, 1926, the county board passed the following resolution: "Whereas there is a general feeling and complaint through the county concerning the County Superintendent of Highways, and whereas we believe it is for the best interests of Knox County that a change be made in the Highway Department. Therefore be it resolved that the Board of Supervisors request that H. M. Roy, Superintendent of Highways, tender his resignation."

At a meeting of the county board held on December 28, 1926, Roy refused to resign and made a statement and report to the board. After some discussion, the following motion was passed by a vote of 22 to 3, to wit: "That H. M. Roy, County Superintendent of Highways be hereby discharged for incompetency and failure to perform the duties of said office, and that said office is hereby declared vacant." A further motion was passed that the county clerk be directed to give Roy and the State highway department notice of the action of the board.

At a later meeting of the board, a resolution was adopted, directing the sheriff to demand of Roy possession of the office occupied by him and also possession of an automobile belonging to the county. The next day Roy surrendered to the sheriff the highway maintenance station, the said automobile, and the keys to the office.

Roy afterwards filed his petition for a writ of mandamus, as aforesaid. A demurrer was interposed to the petition and overruled. A joint answer was then filed and issue joined. By an agreement of parties, a

jury was waived and the cause was heard by the court. The evidence offered on behalf of Roy consisted of the records of the county board. The board offered no evidence. At the close of the evidence for relator, appellees moved the court to find in their favor and to dismiss the suit at relator's costs. The court sustained the motion and entered judgment accordingly and this appeal is from that order.

The question presented here is whether or not the county board had the right to discharge the relator in the manner in which it did, without preferring specific charges and without giving the relator an opportunity to be heard upon the charges.

The Road and Bridge Act (Cahill's St. 1927, ch. 121, ¶ 8, subd. c) provides that any county superintendent of highways may be removed from office in the manner provided by law, either by the county board of his county or by the department of public works and buildings for incompetency, neglect of duty or malfeasance in office. The statute is silent as to the mode of the exercise of this power, except that it provides that the incumbent may be removed in the manner provided by law. The power of removal there given requires no formal charge, no notice to the incumbent, no form of procedure or trial, and is not subject to review. (*Hertel v. Boismenue,* 229 Ill. 474.) The statute has made none of these formalities necessary, neither does the common law require them. (*People ex rel. Stevenson v. Higgins,* 15 Ill. 110; *People v. Mays,* 117 Ill. 257.)

The grant of power to remove an officer for a certain cause implies authority to judge of the existence of that cause (*Donahue v. County of Will,* 100 Ill. 94; *People ex rel. Stevenson v. Higgins, supra; Wilcox v. People ex rel. Lipe,* 90 Ill. 186; *Hertel v. Boismenue, supra.*) In such a case courts will inquire only whether the board acted within the power given by the statute and will not attempt to substitute their own

judgment and discretion for that of the board. (*Wilcox v. People ex rel. Lipe, supra.*)

Objection is made that the action of the county board was based upon a motion instead of a resolution. The motion was acted upon and carried by roll call and expressed the will of the board as effectively as a resolution could have done. The objection is not well taken.

We are of the opinion that the county board acted within the powers conferred by the statute and the judgment of the trial court is affirmed.

*Judgment affirmed.*