EMPLOYMENT BUREAU OF DES MOINES, Appellee, v. STATE EMPLOYMENT AGENCY COMMISSION et al., Appellants.

No. 40273.

MARCH 11, 1930.

*John Fletcher,* Attorney-general, and *Gerald O. Blake,* Assistant Attorney-general, for appellants.

*Bradshaw, Schenk & Fowler,* for appellee.

FAVILLE, J.—Chapter 77 of the Code of 1927 provides for the licensing of employment agencies. This statute was amended by Chapter 49 of the Acts of the Forty-third General Assembly. By said act the appellants herein are made a commission, and clothed with certain authority for the regulation of employment agencies. Said Chapter 49 of the Acts of the Forty-third General Assembly amended the former statute (Section 1546-a1, Code, 1927), so as to provide:

"No such person, firm, or corporation shall charge or exact a fee for the furnishing or procurement of any situation or employment, including registration and all other incidentals, which shall exceed five per cent of the wages offered for the first month of any such employment or situation furnished or procured. The provisions of this section shall not apply to the furnishing or procurement of employment by any Chamber of Commerce, Young Men's Christian Association, Young Women's Christian Association, fraternal, religious, or benevolent organization, employer's association, farmers' organization, or other civic or semi-civic organization, foundation or community trust, * * *"

The appellee made application to the state commission for the granting of a license under the statute, and tendered the fee therefor. The application was in proper form, and was denied upon the one ground: "That the fee schedule which was filed in accordance with the legal provision did not comply with the conditions as set forth in Section 1546-a1 of the Code." The fee schedule filed by the appellee with the commission provided for the charge of a fee for the furnishing or procurement of a situation or employment which in some instances exceeded five per cent of the wages offered for the first month of such employment or situation.

I. Appellants argue that appellee's action was not properly brought in mandamus. The question does not appear to have

 been raised in any manner in the trial court. The question not having been presented to the trial court in any way, it is not open for consideration for the first time on appeal. Our cases so holding are numerous, and citation is not necessary.

II. The important question in this case is whether or not the appellee falls within the exception provided by the statute, and is, therefore, exempt from the limitation with regard to the fee which it may exact. It is to be noticed that the statute by its terms exempts any ''employer's association'' and any ''civic or semi-civic organization.''

The articles of incorporation of the appellee provide as follows:

''ARTICLE II

''Business, Power, Purpose

''The business and general purposes of this corporation shall be:

''1. To co-operate with the national government in promoting industrial activity, conservation of man power and increased production throughout the United States.

''2. To promote harmony and co-operation between employer and employee.

''3. To maintain and operate an employment bureau, charging employees such fees as will cover the cost of service rendered. A reserve or cushion fund will be built up to replace the reserve fund subscribed by employers, which now makes possible the operation of the bureau. As soon as this reserve fund has reached that point where the employers' funds have been replaced and a sufficient additional amount, in the directors' estimation, has been reserved, then the fees charged to employees will be adjusted, so as to cover only the cost of service.

''4. To discourage uneconomic practices and displacements in the employment of labor, and to stabilize industrial conditions and allay unrest through the proper allocation of labor locally.

''5. To reduce wasteful labor turnover which is resulting

in loss in production that is costly to both employer and employee and to the general public.

"6. To promote and encourage continuous steady employment.

"7. To keep, in so far as possible, residents of Des Moines from leaving our city by creating a healthful, prosperous condition among all Des Moines employees."

It appears that every member of the organization except the employees in the office is an employer of labor. It also appears that it is the only employers' association in the state of Iowa that operates as an employment agency. Its method of operating is described in the evidence as follows:

"It is a group of business men, a group of manufacturers whose greatest motive is the reducing of the turnover, which is probably one of the most expensive things in the labor activities of the company. Then, next to the interest of reducing turnover, is the natural interest in satisfactory labor conditions. Q. How do they compare in that respect with the ordinary employment agency in the business for profit? A. Well, the ordinary employment agency has no interest whatever in labor conditions. The more men out of work, the more chances they have to try to place men. Q. Do you know anything about the charitable work done by the plaintiff organization? A. Yes, they do quite some amount of placement for which they receive no compensation. Q. And do you know anything about their relations to other benevolent and charitable organizations in the city? A. They work with the social service leagues and associated family service. Q. Associated Charities, to some extent? A. Yes."

The trial court found that the appellee was an employers' association, within the meaning and provisions of the statute, and therefore was expressly exempted from the provisions limiting the fee which might be charged to five per cent of the wages for the first month of employment. We are constrained to concur in this conclusion of the trial court's upon the record as to the character and method of the business of the appellee. It was obviously the clear purpose and intent of the legislature to exempt certain organizations and associations from the operation of the statute. One of the organizations so exempted from

1050

the statute is an "employers' association." The appellee, under the record, it seems to us, clearly and unmistakably comes within the very term used by the legislature in providing for such exemption. At this point the question presented is a fact question, and that is, whether or not, under the record as to its incorporation, its purposes, objects, and method of operation, the appellee comes within the characterization of an "employers' association," within the meaning of the statute. We think that it does; and, inasmuch as the appellee is an employers' association, within the meaning of the statute, it is exempt from the provision of the statute limiting the fee it may charge.

The foregoing discussion is conclusive of this appeal. Upon other matters argued in this court, we expressly reserve any pronouncement. For the reason pointed out, the order of the district court directing that a writ of mandamus issue, must be, and it is,—*Affirmed.*

MORLING, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.