Catherine L. D. Corbett et al., Appellees, v. City of Chicago, Appellant.

Gen. No. 42,906.

430

Opinion filed June 16, 1944.  Rehearing denied June 27, 1944.

BARNET HODES, Corporation Counsel, for appellant; J. HERZL SEGAL, L. LOUIS KARTON and LOUIS H. GEIMAN, Assistant Corporation Counsel, of counsel.

MICHAEL F. RYAN, of Chicago, for appellees.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This action was brought by plaintiffs, Catherine L. D. Corbett, Helen O. Hynes, Delia C. Herriman, Florence E. Bush, Ellen J. Blake and Laura E. Boyle

Lynn, to recover from defendant, City of Chicago, salaries claimed to be due them and which it was alleged the city illegally deprived them of during the period from February 24, 1941 to July 1, 1942. Defendant's motion to strike plaintiffs' complaint was denied. Plaintiffs' motion to strike defendant's amended answer and for judgment was sustained and separate judgments were rendered in favor of each of the plaintiffs for $1,623.33. Defendant appeals from said judgments.

The complaint alleged substantially that plaintiffs, having been wrongfully refused certification and appointment as telephone operators (police clerks— female) in the classified service of the City of Chicago, for which positions they had qualified by civil service examination, instituted a mandamus proceeding to compel their certification and appointment to such positions; that on February 24, 1941 a judgment order for the issuance of a writ of mandamus was entered therein, directing the city and the appropriate officials thereof to certify and appoint plaintiffs to the positions in question; that defendant appealed from said judgment order and same was affirmed by the Appellate Court (*People ex rel. Corbett v. Allman*, 312 Ill. App. 484); that on June 10, 1942 the Supreme Court denied defendant's petition for leave to appeal; that plaintiffs were thereafter appointed on July 1, 1942 to the positions of telephone operator (police clerk—female), were assigned to the performance of the duties thereof on that day and are still employed in those positions; and that ''the position of telephone operator in the Central Complaint Room of the Police Department has been appropriated for under the title of police clerk (female) for the years 1940, 1941, and 1942, and the salary of said position is $100.00 a month; that plaintiffs were illegally deprived of the salary lawfully due and owing them for the period from February 24, 1941

to July 1, 1942; that the salary due to each of plaintiffs amounts to $1,623.33.''

The only defense averred in defendant's amended answer, which need be considered, is that ''during the entire period from February 24, 1941 to July 1, 1942 the duties of said police clerks (female) were performed by incumbents de facto of said position, and that all moneys appropriated or provided by the City Council of the City of Chicago as salaries for said positions of police clerks (female) for the period of time in question has been paid in good faith to the said incumbents de facto.''

Defendant's theory as stated in its brief is that ''plaintiffs cannot recover salaries for the positions to which they were certified because the city paid those salaries to the de facto incumbents until July 1, 1942 when the plaintiffs were certified to those positions; and that the defendant was under no duty to certify the plaintiffs to the positions of police clerks, pursuant to the writ of mandamus, until the litigation was finally terminated on June 10, 1942 by the action of the Supreme Court in denying defendant's petition for leave to appeal from the order of the Appellate Court affirming the trial court judgment.''

Plaintiffs' theory is that they, ''as de jure employees, are entitled to the salaries from the date of judgment in their favor adjudicating their rights to the positions'' and that ''it is no legal defense thereto that after a court decision establishing their rights to the positions that the salaries thereafter have been paid to de facto employees.''

Can a municipality wrongfully refuse through its appropriate officials to certify and appoint to vacancies in classified civil service positions persons who have qualified for such positions by civil service examination and persist in its wrongful refusal to so certify and appoint after the right of such persons to certification and appointment has been established in a mandamus

proceeding brought for that purpose and then avoid liability for the payment of the salaries those persons were unlawfully prevented from receiving from the time their right to appointment had been judicially determined in said mandamus proceeding to the date they were actually and finally appointed, merely because the city saw fit to illegally employ temporary appointees in their place and stead during said period?

In so far as we have been able to ascertain the precise question presented here has not heretofore been considered or determined by a court of review in this or any other jurisdiction. However, when a civil service employee is wrongfully removed from his position and thereafter reinstated, the law is well settled that his right to the position carries with it the right to the salary appurtenant thereto, regardless of the payment of such salary to a de facto appointee during the period of his illegal removal. (*People ex rel. McDonnell v. Thompson*, 316 Ill. 11; *People ex rel. Verdung v. Dunham*, 294 Ill. App. 613; *People ex rel. Campbell v. Kapp, Jr.*, 295 Ill. App. 92.)

No sound reason has been suggested as to why the same rule should not be applicable to the situation presented here. We fail to perceive any difference in legal effect between the illegal removal of a civil service employee and the illegal refusal to certify and appoint a civil service eligible whose right to a civil service position has been judicially established. In either case the person entitled to the civil service position is wrongfully prevented from performing the duties thereof and from receiving the salary appropriated therefor. Plaintiffs were wrongfully refused certification and appointment to civil service positions for which they had qualified. They were compelled to resort to mandamus to enforce their rights to certification and appointment. Such rights were established on February 24, 1941, when the judgment order was entered in the mandamus proceeding directing their

certification and appointment. Notwithstanding the entry of that judgment order, the city continued to illegally deprive them of the positions and continued to illegally employ temporary appointees in their stead until July 1, 1942.

In our opinion the trial court properly held that plaintiffs' rights to appointment to the positions having been established on February 24, 1941, when the order for the writ of mandamus was entered, their rights to the salaries pertaining thereto accrued as of that date and that they were entitled to the salaries which they were illegally prevented from receiving from February 24, 1941 to July 1, 1942, when they were finally appointed pursuant to the writ of mandamus, notwithstanding that temporary appointees illegally employed by the city in their stead were paid the salaries of such positions during said period.

But it is asserted in defendant's brief: ''The holding of the trial court illegally imposes upon the city a penalty for taking an appeal. The city had a legal right to seek a review of the court's order and properly continued to employ the incumbents until the Supreme Court's action terminated the litigation. In the meantime the appeal operated as a supersedeas. It would be quite meaningless for the trial court to order the appeal to act as a supersedeas and then impose liability upon the city on the basis that the judgment order should have been obeyed immediately and not stayed pending appeal.'' The city's contention in this regard is entirely lacking in merit. The legal representatives of the city in the mandamus proceeding well knew that the judgment rendered therein was effective as of the date of its entry to establish plaintiffs' rights to the positions in question, unless it was thereafter reversed. They also knew that the city would have to suffer the consequences of an unsuccessful appeal. They knew that the effect of the supersedeas was merely to suspend the operation of the writ of mandamus pending

the determination of the appeal and that it in no wise impaired the effectiveness of the judgment. They knew that the affirmance of the mandamus judgment on appeal would serve to confirm its effectiveness as of the date of its entry.

It is idle to urge that the judgments entered by the trial court in the instant case imposed an unwarranted penalty on the city for taking an appeal from the judgment order awarding the writ of mandamus to plaintiffs. No penalty was imposed on the city by reason of said appeal. It merely suffers the consequences of its unsuccessful appeal, as does every other unsuccessful appellant. Where an appeal is taken from a money judgment the unsuccessful appellant is required to pay interest on the judgment from the date of its entry. The city is in no different position here as a result of its unsuccessful appeal from the mandamus judgment than it would be as a result of an unsuccessful appeal by it from a judgment ordering the restoration of a civil service employee who had been illegally removed from his position and it is conceded that when a civil service employee is illegally removed he is entitled to his salary for the period of his illegal removal, notwithstanding the pendency during that period of an appeal by the city from the judgment ordering his restoration.

We are impelled to hold that, since plaintiffs were wrongfully and illegally refused certification and appointment to the positions involved herein, they are entitled to be paid the salaries of such positions from February 24, 1941, the date of the issuance of the writ of mandamus establishing their legal right to the positions to July 1, 1942, when they were finally certified and appointed pursuant to said writ of mandamus.

For the reasons stated herein the judgments of the circuit court of Cook county are affirmed.

*Judgments affirmed.*

FRIEND, P. J., and SCANLAN, J., concur.