People of the State of Illinois, ex rel. Nicholas Krich, Jr., et al., Plaintiff Below,
People ex rel. Charles L. Manschreck, Appellee, v. Stephen E. Hurley, et al., Defendants Below,
On Appeal of Dolores L. Sheehan, et al., Defendants-Appellants.

Gen. No. 47,743.

First District, Second Division.

October 27, 1959.

Rehearing denied November 18, 1959.

Released for publication November 18, 1959.

John C. Melaniphy, Corporation Counsel of the City of Chicago (Sydney R. Drebin, and Harry H. Pollack, Assistant Corporation Counsel, of counsel) for appellants.

Michael F. Ryan, of Chicago (Richard F. McPartlin, Jr., of counsel) for appellee.

PRESIDING JUSTICE MURPHY delivered the opinion of the court.

This is a contempt proceeding by a civil service employee, arising out of his successful mandamus suit for reinstatement, which, on appeal, was affirmed by this court. The defendants were adjudged guilty of contempt, sentenced to jail and released on personal recognizances pending the appeal from the contempt order.

Petitioner filed his mandamus suit on April 4, 1955, seeking restoration to the position of civil service building inspector in the building department of the City of Chicago, from which he had been discharged on February 11, 1955. Defendants answered that it was petitioner's legal duty to seek other employment and mitigate any damages he may have suffered because of his discharge, and if he was reinstated, any outside earnings of petitioner, during the period of discharge, must be credited against any salary claimed because of the discharge.

The mandamus order, on which the present proceeding is based, was entered on September 12, 1956. The writ commanded that petitioner "be immediately reinstated, restored and reassigned to duty as a building inspector in the classified service of the Department of Buildings and upon the roster and payroll thereof, granting to the said relator full seniority and pension rights from August 9, 1954, the date of his original appointment as a building inspector." De-

247

fendants appealed and on March 18, 1958, the mandamus order was affirmed (People ex rel. Krich v. Hurley, 16 Ill.App.2d 503). Petitioner was restored to his position and placed on the payroll on June 4, 1958.

The instant petition for a rule to show cause and for contempt alleges defendants refused to restore him to the payroll on September 12, 1956, and have refused to pay him the salary appropriated for his position for the period from September 12, 1956, to June 4, 1958. Defendants answered that they were not ordered to pay salary and should not be until the issue of setoff of plaintiff's outside earnings against salary from September 12, 1956, is decided. They say the issue was made in the mandamus proceeding and was not decided there. They insist they have complied and are not in contempt, and that the rule should be discharged.

On January 9, 1959, the court found that defendants willfully refused to place petitioner "upon the roster and payroll . . . as of September 12, 1956," adjudged them guilty of contempt of court, and sentenced them to jail until they restored petitioner to the roster and payroll as of September 12, 1956.

Defendants contend that the right to reinstatement was a condition precedent to the right to salary, and until the reinstatement right was established, no cause of action for salary could accrue (Kelly v. Chicago Park Dist., 409 Ill. 91, 95 (1951)); that petitioner's present claim is for salary which accrued after September 12, 1956, and as no part of this was due on September 12, 1956, there can be no basis for contempt until there is a determination as to the amount of unpaid salary which accrued after September 12, 1956, as reduced by his earnings from outside employment, in accordance with the rule announced in the Kelly case.

Petitioner contends the rule established in the Kelly case does not apply here, because he seeks placement on the payroll as of September 12, 1956, and this, of itself, would defeat any inquiry or setoff as to his outside earnings; and that the salary accruing from that date is not a claim for back salary, but for salary accrued during the period which his successful mandamus judgment was stayed by an unsuccessful appeal, and any inquiry as to his outside earnings is improper.

The principal question is, whether the mere placing of petitioner's name on the payroll records, as of September 12, 1956, would stop the City from asserting against his accrued salary, a setoff or credit for his admitted outside earnings for the period from September 12, 1956, until his actual reinstatement.

■ Civil service reinstatement and recovery of salary may be accomplished in one proceeding. (People v. Coffin, 279 Ill. 401 (1917).) Petitioner did include in his mandamus proceeding a claim for salary from February 11, 1955, date of his discharge, and defendants' answer interposed the defense of outside earnings. The right to mandamus was determined on the pleadings, and no inquiry was made as to back salary or outside earnings, and the order made no such determination. Petitioner argues that as the mandamus order did not award back salary for the period prior to September 12, 1956, he is "forever barred from recovering this salary from defendants," and, therefore, the claim of back salary is not an issue in this case, and the principal issue is placement on the payroll as of September 12, 1956, instead of June 4, 1958.

While we agree that petitioner is entitled to salary for the period during which he was improperly prevented from performing his duties, we see no basis, in the cases cited by petitioner, for the contention that the order for reinstatement on the payroll as of Sep-

249

tember 12, 1956, would entitle petitioner to be paid his salary as building inspector, without any of his outside earnings being set off, and contrary to the rule announced in the Kelly case.

The command of September 12, 1956, to reinstate him "immediately upon the roster and payroll," carried with it salary rights, the enforcement of which was suspended during the period of the appeal by City officials. (Gumberts v. East Oak Street Hotel Co., 404 Ill. 386 (1949).) The affirmance of the mandamus order on appeal served to confirm its effectiveness as of the date of entry. (Corbett v. City of Chicago, 323 Ill. App. 429, 435 (1944).) His salary rights then became enforceable, and this required a determination of the amount of his unpaid salary.

We believe that in this determination, the City of Chicago is entitled to credit for his outside earnings for the same period used in computing his unpaid salary. Obviously, this determination could not be made as of September 12, 1956, because at that time there was no salary due petitioner for the period now claimed by him, and there could be no contempt as of that date for unpaid salary accruing after that date. Defendants had a right to appeal from the order of September 12, 1956, and had the right to refuse to pay him any salary until the appeal was disposed of. We do not believe that the taking of an appeal from the mandamus order of September 12, 1956, by the defendants, prevented the application of the Kelly rule and the consideration of setoffs which the City might have against salary accrued subsequent to September 12, 1956.

We conclude the rule established in Kelly v. Chicago Park Dist., 409 Ill. 91, applies here, and that the trial court, instead of holding defendants in contempt, should have made a determination of salary due the petitioner for the period he now seeks, against

which credit should have been given to the City for petitioner's earnings from outside employment.

For the reasons given, the order holding the defendants in contempt is reversed and the cause remanded to the trial court for proceedings in accordance with the views expressed herein.

Reversed and remanded.

KILEY and LEWE, JJ., concur.