People of the State of Illinois, on the Relation of Jack
F. Bourne, Plaintiff-Appellee, v. Lloyd M. John-
son, Commissioner, Department of Streets and
Sanitation, City of Chicago, Alvin L. Weber,
Comptroller, City of Chicago, William G. Milota,
Treasurer, City of Chicago, and William E. Cahill,
et al., Members of the Civil Service Commission
of the City of Chicago, Defendants-Appellants.

Gen. No. 49,323.

First District, Fourth Division.

May 6, 1964.

---

* See Callaghan's Illinois Digest, same topic and section number.

John C. Melaniphy, Corporation Counsel, of Chicago (Sydney R. Drebin and Robert J. Collins, Assistant Corporation Counsel, of counsel), for appellants.

Michael F. Ryan and Richard F. McPartlin, of Chicago, for appellee.

MR. PRESIDING JUSTICE ENGLISH delivered the opinion of the court.

A civil service employee of the Department of Streets and Sanitation of the City of Chicago obtained a writ of mandamus compelling city officials to pay his back salary accrued during a period when he was off the payroll due to wrongful discharge.[1] The defendant officials have appealed on the ground that

---

[1] Plaintiff was discharged by the Civil Service Commission for conduct unbecoming a city employee in failing to pay certain debts. He was reinstated by order of the Circuit Court in administrative review proceedings. No appeal was taken therefrom.

they were entitled to deduct the monies earned by plaintiff in other employment during the period. Defendants also claim that mandamus will not lie because plaintiff failed to show a clear legal right to this extraordinary remedy.

■ Both grounds are valid when appropriate, but to be available to a litigant must be properly raised in the trial court. It is our opinion that neither principle was correctly or sufficiently presented to the trial judge, and we conclude, therefore, that the award of the mandamus writ must be affirmed.

■ Defendants' contention as to the impropriety of the form of action is supported by Betebenner v. Board of Education, 336 Ill App 448, 459, 84 NE2d 569 (Fourth Dist 1949), which held that if there were a question arising from plaintiff's duty to mitigate, mandamus was improper. It was there stated that the common-law rule limiting mandamus to the enforcement of a clear legal right meant that where petitioner asks for a money judgment, the amount must have been previously ascertained. The court concluded: "This question of the amount of back salary was not triable in a count asking for a writ of mandamus." The opinion then cited L. E. Myers Co. v. Sanitary Dist. of Chicago, 386 Ill 542, 54 NE2d 505 (1944); People v. County of LaSalle, 378 Ill 578, 39 NE2d 25 (1942); and Bengson v. City of Kewanee, 380 Ill 244, 43 NE2d 951 (1942), but none of these cases dealt with the question of mitigation. They did generally state, however, that a claim must be "ascertained" in order to be enforced by a writ of mandamus.

In People v. County of LaSalle, 378 Ill 578, 39 NE2d 25 (1942), the court held that the right to relief was not clear, and mandamus, therefore, was improper, because the statute relating to the relief of the blind did not specifically impose any mandatory duty upon the defendant board of supervisors to pay past-due

309

benefits to the personal representative of a deceased blind person. The court said at page 580:

Mandamus will not lie for the collection of debts, but is proper to enforce payment of a claim ascertained to be due. This ascertainment is *usually* by a judgment. (Emphasis supplied.) . . . Mandamus is not proper where the right of the petitioner must first be established or the duty of the officers sought to be coerced must first be determined.

In the instant case the right of the petitioner to be paid had been previously established, and the duty of the defendant officers to make such payment had also been previously determined. Thus the amount of the payment remained as the only issue, and that only because of dispute over a question of law relating to mitigation, all facts having been stipulated.

The court in L. E. Myers Co. v. Sanitary Dist. of Chicago, 386 Ill 542, 549, 54 NE2d 505 (1944) reversed a writ of mandamus which had compelled defendant to pay part of a claim for services rendered by a contractor. The facts, however, distinguish that case from the one before us because, as that court pointed out:

[T]here never was a time between the date of defendant's acceptance of the work in October, 1924, and the starting of the instant suit but what some action on the part of the defendant's board of trustees remained to be taken before plaintiff's right to payment would become as fixed, final and conclusive as a judgment.

In Bengson v. City of Kewanee, 380 Ill 244, 255, 43 NE2d 951 (1942), orders directing the issuance of mandamus writs were reversed because the "facts alleged in the complaints in both cases were wholly insufficient to support the judgments entered." The

310

judgments had been entered upon the defendants' election to stand by their motions to strike the complaints. After discussing in some detail the inadequacy of the petitioners' pleadings, the court restated the general principles of mandamus in much the same language as had been employed in its then very recent opinion in County of LaSalle. The issue of greatest interest to us in the present case, however, was left unresolved, the court noting at page 254:

> The question of whether a writ of mandamus may be properly awarded for the payment of a debt established in the same suit, or whether such debt must be established in a prior suit, is not before us, and need not be decided.

This question was answered in the affirmative in People ex rel. Krich v. Hurley, 23 Ill App2d 246, 161 NE2d 884 (First Dist 1959), affd 19 Ill2d 548, 169 NE2d 107 (1960), in which it was decided that mandamus would lie to compel civil service reinstatement, and that in the same proceeding the trial court could determine the amount of back salary due, after determining also the proper allowance of a credit to defendants for petitioner's outside earnings. We consider this a sensible solution to the problem, and one which is acceptable legally under present-day practice and procedure. A fortiori in the case at bar, where the facts are not in dispute, the mere interposition of conflicting contentions over the legal consequences arising therefrom, cannot be permitted to becloud an otherwise clear right to a writ of mandamus.

■■ Additionally, the objection to mandamus was not timely, having been first raised in defendants' reply brief in this court. Not only may no matter be raised therein which was not introduced by the original appellants' brief, according to Appellate Court Rule 7(IV), but no such objection will be considered

by this court where it has not been urged in the trial court. People ex rel. O'Brien v. Board of Com'rs, 305 Ill App 376, 387, 27 NE2d 870 (1940). In the cited case, even though the action was under the County Employees' Annuity and Benefit Fund Act providing that the retirement board's actions on claims should be reviewable by certiorari only, plaintiff had obtained a writ of mandamus. The court held: "As this point of procedure was not raised in the trial court, we will not consider it here." See also People ex rel. Walker v. O'Connor, 351 Ill App 545, 549, 115 NE2d 624 (1953).[2]

■ ■ The second contention by defendants is based on the general rule that, in an action by a wrongfully-discharged employee for breach of his employment contract, the employer may reduce the amount of recoverable damages by whatever sum the plaintiff earned, or by the exercise of reasonable diligence could have earned during the period in question. Kelly v. Chicago Park Dist., 409 Ill 91, 98 NE2d 738 (1951); People ex rel. Krich v. Hurley, 23 Ill App2d 246, 250, 161 NE2d 884 (1959), affd 19 Ill2d 548, 550, 169 NE2d 107 (1960). Plaintiff finds no fault with this principle, but defendants urge further that "it is incumbent upon a wrongfully discharged employee, in a suit for back salary, to allege and prove that he exercised proper diligence in seeking other employment." Here lies the

---

[2] There the court affirmed the issuance of a writ of mandamus to compel the reinstatement of a patrolman to the Chicago Police Department and considered that the question of the propriety of the remedy had not been saved for review, not having been raised or passed upon at the trial. Other cases to the same effect are State v. Payne, 41 A2d 908, 131 Conn 647; Employment Bureau of Des Moines v. State Employment Agency Commission, 229 NW 677, 209 Iowa 1046; Muir v. Madden, 133 A 226, 286 Pa 233; and People v. Coler, 68 NYS 1101, 58 App Div 347; as cited in 55 CJS Mandamus § 369, in support of the statement that a contention that mandamus is not the proper remedy may not be made for the first time on appeal.

heart of dispute in this case, for plaintiff argues that the law places the burden upon the party whose wrongful act caused the damages to allege and prove whatever may be shown in diminution of damages; that if this be so, then any lack of evidence on this point is defendants' failure. We agree with plaintiff's position. The court in Jones v. Stoneware Pipe Co., 277 Ill App 18, 21 (1934) said in this regard:

> Four principal grounds are assigned by defendant for reversal of the judgment, the fourth one of which is that plaintiff was under obligation of seeking other employment in order to mitigate the damages against the defendant, and that the record shows he made no effort to find employment elsewhere. This is true. However, the law is that what plaintiff might have earned by working for others, could have been claimed by defendant, only as a set-off, and the burden of proving what he earned, or might have earned, is upon the defendant, as held by this court in (citing cases). There is nothing to this contention.

The evidence introduced was entirely by stipulation. It was agreed that plaintiff earned $105 a week at a liquor store between the hours of 5 p. m. and 2 a. m. during the period of approximately 8 months between discharge and reinstatement, and for some six weeks prior to discharge; that this work was not during the hours scheduled for plaintiff's employment as a lineman in the Bureau of Electricity; and that during the six-week period he performed his duties under both employments.

The question of law thus arising from the stipulated facts is whether the liquor store earnings fall under the general rule stated above and should be considered in mitigation of the damages caused by defendants, or whether they were independent of the basic employ-

ment and, therefore, not to be deducted from plaintiff's damages. The mere fact of plaintiff's liquor store earnings does not establish their deductibility from damages. He may have made reasonable effort to secure other day-time employment, and, in any event, his night earnings might have been supplementary to what he could have earned during the day if he had been able to obtain another job.[3] If a man has two jobs and is wrongfully deprived of one of them, the employer-wrongdoer should not be entitled to deduct the earnings of the second job from the damages for which he is liable. This would penalize an innocent man for his industry. Sanders v. Schenley Products Co., 108 F2d 23 (2d Cir 1939); Spurck v. Civil Service Board, 231 Minn 183, 42 NW2d 720 (1950).[4]

Therefore, in order to be entitled to a deduction for plaintiff's liquor store earnings, defendants would have had to prove that this work was a substitute, in whole or in part, for the lost employment. This could have been proved either by showing that the work was inconsistent with the former employment, i. e., dupli-

---

[3] There is no provision in the Civil Service Act, the Rules of the Civil Service Commission, the ordinances of the City of Chicago or the Rules of the Department of Streets and Sanitation, Bureau of Electricity (where plaintiff worked) preventing the type of supplemental employment commonly referred to as "moonlighting."

[4] In the Sanders case, the court, including Judge Learned Hand, ruled that where the employment contract permitted the employee to do outside work, as long as such work did not interfere with the employer's requirements, the damage to the employee on wrongful discharge is measured by the agreed wage during the remainder of the term, reduced by such part of his earnings during this same period as he could not have earned if he had continued in the employment.

The Spurck decision directed that wages earned outside the state during the period of wrongful discharge should be deducted from the liability for back salary because such earnings were "inconsistent" with the lost employment.

cating the hours; or that plaintiff failed to seek substitute employment, in effect then treating the night job as his regular job. The stipulation of facts is silent as to both alternatives, and no testimony was offered.

The trial judge found that the liquor store job was not inconsistent with plaintiff's job with the city's Bureau of Electricity.[5] This, we believe, is the only reasonable conclusion which could be reached when it is borne in mind that for a substantial period of time plaintiff did, in fact, perform both jobs simultaneously. As to the other avenue of proof in mitigation, defendants failed to show anything about a reasonable possibility of plaintiff's obtaining other employment. Since, as we have concluded, this burden rested upon defendants, and remains unfulfilled, defendants are not entitled to deduct any of plaintiff's liquor store earnings from their liability for his back salary. We, therefore, affirm the order of the Circuit Court directing the issuance of a writ of mandamus commanding full payment to plaintiff subject only to the conditions outlined therein.

Affirmed.

DRUCKER and McCORMICK, JJ., concur.

---

[5] The order included the finding that the employment "was in the evening hours, and did not conflict with relator's employment as a Lineman, and the compensation so received by said relator in said employment is not deductible from his salary claim herein."