RELDON TROST, Plaintiff-Appellee, *v.* FRANK M. TYNATISHON, Individually and as Mayor and President of the Board of Trustees of the Village of Milan, Defendant-Appellant.

(No. 72-285;

Third District—June 19, 1973.

Franklin M. Wallace, of Rock Island, for appellant.

William M. Walker, of Rock Island, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Plaintiff, Reldon Trost, brought an action against defendant, Frank M. Tynatishon, both individually and as mayor and President of the Board of Trustees of the village of Milan, for a writ of mandamus to compel the defendant to sign payroll checks due and owing the plaintiff for services performed and thereafter to be performed. The defendant moved to strike the complaint as it pertained to relief sought against him individually and this motion was granted. After the filing of further

pleadings, being a counterclaim and answer by the defendant and an answer to the counterclaim by the plaintiff, the cause was heard and a writ of mandamus was ordered to be issued.

The factual situation which gave rise to this action stems from a dispute between the defendant and the board of trustees of the village of Milan regarding the appointment of a village zoning officer. The defendant as mayor [1] appointed the plaintiff Trost as zoning enforcement officer to serve from May, 1969, to May, 1970, and from May, 1970, to May, 1971. At a meeting of the village board of trustees on May 1, 1972, the board refused to accept a new appointment to the position of zoning officers which was proposed by the defendant. At a subsequent meeting held on June 5, 1972, the defendant stated to the board that he was appointing a John Anderson as zoning officer. It is stipulated by the parties that there was in effect at this time a village ordinance which provided as follows:

"Zoning Enforcing Officer—This ordinance shall be administered and enforced by the Zoning Enforcing Officer who shall be appointed by the President with the Village Board's concurrence." Sec. 81, Article 8 of the Ordinances of the Village of Milan.

The defendant's proposed appointment of Anderson was never voted upon by the trustees but instead a trustee moved that the plaintiff Trost be retained as zoning officer. Upon being put to a vote this motion received three affirmative votes and one trustees' negative vote as well as a negative vote from the defendant. The village attorney advised that the motion had carried and the defendant then announced that he was vetoing this action taken by the board and that Anderson would be the acting zoning officer until June 19, 1972. It was then moved that the defendant's appointment of Anderson be rejected and this motion received a three to two affirmative vote, the defendant as mayor again casting a negative vote.

At a subsequent meeting held on June 26, 1972, a motion was made to retain the plaintiff as zoning officer and that his salary be placed in escrow until the problems concerning the appointment were resolved. This motion was carried by the customary three to two vote.

On August 21, 1972, at a meeting of the board the defendant renewed his appointment of Anderson and requested a vote be taken. This request of the defendant was ignored and for what effect if any it may have, another motion was made to retain the plaintiff as zoning officer. This motion received affirmative votes from all trustees and a negative vote from the defendant.

---

[1] For purposes of this opinion the actions of the defendant shall be referred to as actions of the mayor rather than that of President of the Board of Trustees.

The zoning officer's job in the village of Milan is a part-time job and the plaintiff would appear Monday through Friday at the municipal building one hour each afternoon and from 9:00 A.M. to 12:00 P.M. on each Saturday morning. During this time he made inspections, issued permits and attempted to solve the various zoning problems that were presented to him. Anderson also made his appearance at the municipal building during a portion of this time but with the exception of answering the phone on a few occasions and accompanying the plaintiff on two occasions he performed no other duties.

The plaintiff in his petition for a writ of mandamus alleges that he was to be compensated at the rate of $200.00 per month but that the defendant refused to sign and issue to him his salary check. The plaintiff asked that the writ direct the defendant sign and deliver to him his prescribed salary for so long as he is the duly appointed, acting and qualified zoning officer and the trial court directed the issuance of the writ as directed.

■■ It is the contention of the defendant that the trial court erred in directing the issuance of a writ of mandamus under the facts and circumstances of this case. In support of this contention the defendant first argues that John Anderson, who he attempted to appoint as zoning officer, was a necessary party to the action and since he was not made a party the court was without jurisdiction. In support of this argument the defendant cites the case of *People v. Powell*, 214 Ill. 475, 73 N.E. 795. We quarrel not with the holding set forth in *Powell* but we do not deem it to be applicable in the present case. In *Powell* the petitioner sought a writ of mandamus to compel the respondents to withdraw their certification of an individual for the position of sanitary inspector and in his place to certify the petitioner. A different situation prevails in the case before us in that the petition for a writ does not seek to oust an incumbent from office but instead seeks to compel a village official to perform a ministerial duty, namely the signing and issuance of salary checks to a village employee. Rather than the case of *Powell* cited by the defendant we rely upon *Hertel v. Boismenue*, 229 Ill. 474, 82 N.E. 298, in which our supreme court found that in a mandamus action to compel a county superintendent of schools to approve a township treasurer's bond, the former treasurer was not a necessary party since his right to the office was not involved. In the instant case the trial court was not called upon to determine whether or not Anderson was rightfully entitled to the position of zoning officer and he was consequently not a necessary party to the proceedings.

■■ The defendant next argues that mandamus will not lie to compel the doing of an act which one is not yet under an obligation to perform. In making this assertion the defendant is objecting to that portion of the

writ in which the trial court directed him "to hereafter pay and deliver unto petitioner said prescribed salary for so long as petitioner is the duly appointed, acting and qualified Zoning Enforcing Officer for said village of Milan." This issue was not presented in the trial court and we could well take the position that no objection will be considered by this court where it has not been urged in the trial court. (See *People ex rel. Bourne v. Johnson*, 48 Ill.App.2d 307, 199 N.E.2d 68.) However, regardless of defendant's failure to properly raise the issue in question we do not believe it to be meritorious. It is clear from the record that the defendant specifically prayed in his counterclaim that the court enter an order declaring the rights of the parties. This the court did but now being dissatisfied, the defendant claims the court went too far when its order provided for future payment of compensation. Had the trial court failed to provide for the issuance of future salary checks to the plaintiff so long as he was entitled to them, then it is foreseeable that each and every month this individual would have been compelled to seek a writ of mandamus. Such a procedure would make "the law" an object of ridicule and therefore is not to be sanctioned.

■■ Next the defendant argues that the plaintiff was a *de facto* officer rather than a *de jure* officer and therefore he cannot compel payment of compensation by a writ of mandamus. If the plaintiff was in fact a *de facto* officer then the defendant's argument is well taken and therefore we must determine whether the plaintiff's classification was that of *de facto* or *de jure*. An officer *de jure* is one who is clothed with the full legal right and title to the office. He is one who has been legally elected or appointed to an office, and who has qualified himself to exercise the duties thereof according to the mode prescribed by law.

In order to determine the classification of the plaintiff we direct our attention to the applicable statute, being chapter 24, section 3—8—1 of Illinois Revised Statutes, which provides:

"Appointments-Resignations. The president, by and with the advice and consent of the board of trustees, may appoint (1) a treasurer; (2) one or more street commissioners; (3) a village marshal; and (4) such other officers as may be necessary to carry into effect the powers conferred upon villages.

Any officer of any village may resign from his office. If such officer resigns he shall contiue in office until his successor has been chosen and has qualified. If there is a failure to appoint a village officer, or the person appointed fails to qualify, *the person filling the office shall continue in office until his successor has been chosen and has qualified.*" (Emphasis supplied.)

■■■ We are of the opinion that the italicized portion of the statute is applicable in the instant case. The plaintiff had been appointed as zoning officer for the village of Milan for the years 1969-70 and 1970-71. His appointment for the years was concurred in by the village trustees and he qualified and assumed the duties of the office. When a dispute arose as to reappointment which resulted in no valid appointment being made pursuant to the village ordinance, then he became a holdover in the office by virtue of the statute which we have set forth and which provides "*  *  * the person filling the office shall continue in office until his successor has been chosen and has qualified." We do not find that by his holding over in the office pursuant to statute he was a *de facto* officer. A *de facto* officer is one who, while in actual possession of office, is not there in a manner prescribed by law. Such was not the situation in the instant case. The plaintiff was in office by virtue of a statutory provision and consequently was a *de jure* officer until his successor was appointed and qualified in accordance with the ordinances of the village of Milan. Where tenure of office is for specified time and until successor qualified, expiration of time does not vacate office. *City of Pekin v. Industrial Com.*, 341 Ill. 312, 173 N.E. 339.

■■■ The defendant in this appeal attempts to attack the pleadings of the plaintiff by asserting that they do not set forth sufficient facts to warrant a mandamus. Specifically the defendant assigns as error the plaintiff's failure to plead the village ordinance which provides for the appointment of various officials, including the zoning enforcement officer. Having failed to raise this issue in his motion to reconsider the trial court's action he cannot now raise the same in this court. However, even if we were to consider this assignment of error we could only conclude that it is not well taken. The ordinance which the defendant now alleges should have been pleaded was introduced and received as evidence by stipulation. From an examination of the record it is clear that the trial court had all the necessary and relevant evidence before it when it decided this case.

For the reasons set forth the judgment of the trial court directing the issuance of a writ of mandamus is hereby affirmed.

Affirmed.

ALLOY, P. J., and DIXON, J., concur.