(No. 4506—

EVERETT K. POYNTER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 20, 1953.*

MICHAEL F. RYAN, Attorney for Claimant.

LATHAM CASTLE, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

FARTHING, J.

On April 18, 1952, Everett K. Poynter filed his complaint in this cause. Claimant seeks an award of

$7,908.30 for back salary as a guard from April 16, 1947, on which date he states he was unlawfully discharged, to April 18, 1950.

The file contains for our consideration, the complaint, amended answer, amendment to the amended answer of respondent, Departmental Report, Supplemental Departmental Report, claimant's reply to the amended answer, claimant's petition for an order directing Hon. Michael J. Seyfrit, Director, Department of Public Safety, to file written answers to certain interrogatories, his answers thereto, transcript of evidence, Commissioner's report, motion of claimant for an extension of time to January 14, 1953, in which to file his statement, brief and argument, stipulation with reference to such extension of time, order granting said extension, respondent's motion for leave to file a further amendment to its amended answer, order of the Chief Justice granting respondent's motion so to amend, objections of claimant to said last named motion, brief and argument for claimant, respondent's brief and argument, and claimant's reply brief.

Poynter passed the requisite civil service examination, and on October 25, 1942 was certified and appointed to the position of guard at the Illinois Penitentiary, Pontiac Branch. He worked for the respondent there until his discharge on April 16, 1947.

He filed a complaint in the Superior Court of Cook County on June 27, 1947 to review said decision, being Case No. 47 S 10543. On April 18, 1950, the Superior Court rendered a judgment finding that the removal and discharge of claimant as a guard was illegal and void. Claimant was accordingly restored to his former position as such guard on August 14, 1950.

On November 6, 1950, Poynter filed a mandamus suit in the Superior Court to recover back salary from April 16, 1947 to August 14, 1950. This was Case No. 50 S 18348. On March 12, 1951, the Court rendered a judgment ordering payment to claimant of salary at $237.00 per month from April 18, 1950 to August 14, 1950, making a total of $920.73, which respondent paid to Poynter.

On November 29, 1951, the Superior Court dismissed, without prejudice, Poynter's claim for back salary from April 16, 1947 to April 18, 1950 for the reason that the biennial appropriations for the periods 1947-1949 and 1949-1951 had lapsed under the provisions of the 1870 Illinois Constitution.

The Position and Classification Division had declared Poynter's position vacant on May 29, 1947. Edgar F. Roddy was assigned to fill the vacancy as a guard on June 14, 1947. The Departmental Reports show that Roddy was assigned to fill the vacancy as a guard on Requisition No. 658 to the former Poynter classification of 11-7-722-100. His salary was $195.00 per month. On July 1, 1947, his salary was increased to $215.00 per month, and on July 1, 1949 to $237.00 per month.

From April 16, 1947 to April 18, 1950, Poynter was variously employed. The record shows his earnings during the period totalled $5,405.90. However, in the period from January 1 to March 10, 1948, his wages from the Pontiac Dairy Company amounted to $552.00. If he had been paid a guard's salary for that period, which was $215.00 per month, he would have received only $499.36. The difference is $52.64. Likewise in the period from September 17 to December 29, 1949, he received wages from the Turner Farm Seeds Company,

according to the testimony, in the amount of $919.05. But, as a guard, at a salary of $237.00 per month for this period, he would have received only $805.80, a difference of $113.25. The respondent is not entitled in any event to credit for wages claimant earned in either of the two periods beyond what he would have received as a guard. The two amounts total $165.89.

If claimant had continued to work as a guard, his total wages would have amounted to $7,908.30 for the period in question. His total earnings in the same period shown by this record amounted to $5,405.90, and subtracting the $165.89 therefrom, leaves a balance of $5,240.01. The difference between his wages as a guard and his earnings during the period is $2,668.29.

Claimant contends that the Departmental Report and Supplemental Report in evidence are not supported by Rule 16 of this Court, but as to this he is in error.

Counsel is likewise in error in contending that respondent has, in law, no right to ask and receive leave to file an amendment to its amended answer setting up the affirmative defense of claimant's outside employment and earnings. Granting leave to amend is discretionary, and claimant's objections were properly overruled.

Claimant's counsel contends that respondent failed to prove its affirmative defense that a de facto employee replaced a de jure employee, did the work the de jure employee would otherwise have done, and received the salary he should have received, and relies on the case of *People ex rel Verdung* vs. *Dunham*, 294 Ill. App. 613. (Petition for leave to appeal denied, 296 Ill. App. 33.) The duties of claimant and those assigned to Edgar F. Roddy, who was given claimant's classification number when Roddy was certified, were dif-

ferent. This is not of as great a significance, as the fact that Roddy continued to work as a guard after claimant's reinstatement until October 21, 1950, when he entered the military service. In our opinion, respondent failed to prove this defense.

Claimant's counsel also contends that the position of a guard is an office, and that Poynter was not an employee. Reliance is placed on *City of Chicago* vs. *Luthardt*, 191 Ill. 516, and *People ex rel Jacobs* vs. *Coffin*, 282 Ill. 599. Counsel also contends that *Kelly* vs. *Chicago Park District*, 409 Ill. 91, is not in point. It is counsel's position that, if an office is involved, Poynter's outside earnings cannot be deducted from the salary he would have received during the time he was wrongfully separated from his employment as a guard.

We cannot agree with this contention. The holdings in *People ex rel Jacobs* vs. *Coffin*, 282 Ill. 599, and *Kelly* vs. *Chicago Park District*, 409 Ill. 91, demonstrate that a guard is an employee. We cannot agree with counsel's contention that claimant has pleaded and proved that an office is involved herein, rather than employment. In the reply brief counsel states "The duties of a guard, as classified by the Civil Service Commission, created by authority contained in the Civil Service Act and State ,appropriations, are governmental in nature, and of definite duration (that is for good behavior)." This does not meet the requirements to establish the claim that this guard held an office, instead of being an employee.

There remains due to Everett K. Poynter, the claimant, the sum of $2,668.29 from the respondent, the State of Illinois, and an award in that amount is hereby made in favor of the claimant.