(No. 35643.—

The People *ex rel.* Nicholas Krich, Jr., *et al. vs.* Stephen E. Hurley *et al.*—(Charles L. Manshreck, Appellant, *vs.* Dolores L. Sheehan *et al.,* Appellees.)

*Opinion filed May 18, 1960—Rehearing denied September 26, 1960.*

MICHAEL F. RYAN, of Chicago, (RICHARD F. McPART-LIN, JR., of counsel,) for appellant.

JOHN C. MELANIPHY, Corporation Counsel, of Chicago, (SYDNEY R. DREBIN, and HARRY H. POLLACK, Assistant Corporation Counsel, of counsel,) for appellees.

Mr. CHIEF JUSTICE HOUSE delivered the opinion of the court:

Plaintiff, Charles L. Manshreck, appeals from the judgment of the Appellate Court, First District, reversing a judgment of the circuit court of Cook County holding the defendants in contempt for failure to restore the plaintiff to the payroll as a civil service employee.

Plaintiff was appointed as a civil service building inspector by the city of Chicago on August 9, 1954, and was wrongfully discharged on February 11, 1955. A *mandamus* action resulted in a judgment being entered on September 12, 1956, commanding the defendants, "to do and perform all acts necessary and requisite to the end that the relator, Charles L. Manshreck, may be immediately reinstated, restored and reassigned to duty as a building inspector in the classified service of the Department of Buildings and upon

the roster and payroll thereof, granting to the said relator full seniority and pension rights from August 9, 1954, the date of his original appointment as a building inspector." Defendants' appeal from this judgment, which was affirmed by the Appellate Court, First District, (*People ex rel. Krich* v. *Hurley,* 16 Ill. App. 2d 503,) acted as a *supersedeas* so that plaintiff was not reassigned to duty or placed on the payroll until June 4, 1958.

When plaintiff later demanded the salary for the time lost, the defendants refused unless they were allowed to set off his earnings from other employment for the same period. Plaintiff then, on September 26, 1958, filed a petition for a rule to show cause why the defendants should not be held in contempt for refusing to pay the salary from September 12, 1956, the date he was ordered reinstated, to June 4, 1958, the date he returned to work. Defendants' answer alleges that the issue of back salary was not passed on in the original *mandamus* proceeding and was still at issue; that during the period of time the plaintiff was prevented from earning the building inspector salary he was under a duty to mitigate damages and, having worked at other employment, was under a further duty to disclose such earnings and allow the defendants credit therefor. The trial court held that the defendants were not entitled to a setoff and they were held in contempt of court for refusing to pay the plaintiff the full salary for the disputed period. On appeal, the Appellate Court reversed the trial court on the basis of our ruling in *Kelly* v. *Chicago Park District,* 409 Ill. 91, to the effect that plaintiff's salary demand could be reduced from outside employment. (*People ex rel. Krich* v. *Hurley,* 23 Ill. App. 2d 246.) A certificate of importance was issued and we granted plaintiff's petition for leave to appeal.

The only question to be decided here is defendants' right to claim a setoff of plaintiff's earnings from other employment against the salary accruing during the period

he was improperly prevented from performing his duties. The question was thoroughly considered and squarely answered in the affirmative in *Kelly* v. *Chicago Park District,* 409 Ill. 91, and we find no reason for deviating from the principles enunciated therein. Plaintiff's further contention asserting a distinction between *Kelly* and prior decisions is without merit. (Cf. *Corbett* v. *City of Chicago,* 391 Ill. 96; *People ex rel. Polen* v. *Hoehler,* 405 Ill. 322; *Kelly* v. *Chicago Park District,* 409 Ill. 91.) Accordingly, the judgment of the Appellate Court, First District, is affirmed.

*Judgment affirmed.*