(No. 4744-

WILLIAM R. OTTO, DONALD W. HOUSTON AND EDMOND J. MC-SHANE, Claimants, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed January 10, 1961.*

*Petition of Claimants for Rehearing denied March 24, 1961.*

MICHAEL F. RYAN, Attorney for Claimants.

WILLIAM L. GUILD, Attorney General; SAMUEL J. DOY, Assistant Attorney General, for Respondent.

FEARER, J.

Claimants, William R. Otto and Donald W. Houston, prior to 1953 were employed under civil service as Weights and Measures Calibrators in the Department of Agriculture of the State of Illinois, and both worked in their respective positions until June 30, 1953.

On or about that date, claimants received a letter from Stillman J. Stanard, Director of Agriculture, as follows:

"The 68th General Assembly has discontinued the Division of Standards by legislative enactment, which will become law on June 30, 1953.

This letter is to call to your attention the fact that the Division of Standards, having been abolished by the Legislature, your connection with the State of Illinois will be severed as of that date. This letter is being sent to you at this time so that you may obtain your vacation period prior to June 1, 1953.

I, therefore, desire that you turn in to the Emerson Building, State Fair Grounds, Springfield, Illinois, all State-owned equipment in your possession on June 23, 1953; you will be receipted for this equipment.

Very truly yours,<br>
WILLIAM J. STANARD<br>
Director"

Claimants made demands for reinstatement on March 12, 1954, which were refused. Thereafter, claimants filed a complaint for mandamus in the Superior Court of Cook County, cause No. 54S3854, against Stillman J. Stanard, Director of the Department of Agriculture, the members of the Illinois State Civil Service Commission, Auditor of Public Accounts, and Treasurer of the State of Illinois. The complaint for mandamus was received in evidence as claimants' exhibit No. 1. Claimants' exhibit No. 2 was the motion of the defendants named therein to strike and dismiss. Claimants' exhibit No. 3 was a judgment order in said cause entered in October, 1955, by Donald S. McKinlay, Judge of said court.

The Superior Court of Cook County found that claimants were removed from their respective civil service positions on June 30, 1953, and from said date were illegally prevented from performing the duties of said positions and receiving the salaries appropriated therefor until July 6, 1955, when House Bill No. 1130 of the 69th General Assembly became law, which abolished the positions formerly occupied by claimants, rendering further issues in this cause moot and academic.

The Court further found that claimants were entitled to the salaries appropriated for and attached to their respective positions in the Department of Agriculture for

the period from June 30, 1953 to July 6, 1955, less their earnings from other employment during said time, but that, because of the lapse of the biennial appropriation for said period on September 30, 1955, under the Constitution of the State of Illinois the court was without power to compel the payment of salaries by the writ of mandamus, which was prayed for in said cause.

Due to the findings hereinbefore set forth in said order, the cause was dismissed without prejudice to the claimants' back salary rights.

Respondent did not file an answer setting forth any affirmative defense to the complaint, so, therefore, under the Rules of this Court, a general traverse or denial of all of the allegations of the complaint would be considered as filed.

Claimants and respondent have both filed exhaustive briefs setting forth many citations in support of their respective theories. It would unduly lengthen this opinion if we were to review all of the theories set forth, either in support of the claim or in opposition thereto.

The only question we have to decide covers a period from June 30, 1953 to July 6, 1955, when House Bill No. 1130 of the 69th General Assembly became law, and claimants' positions were abolished.

If claimants were illegally prevented from performing their duties for the Department of Agriculture, which were civil service, then, in our opinion, claimants are entitled to recover their respective salaries, which were $315.00 a month from June 30, 1953 to July 6, 1955.

This Court and the Supreme Court have had occasion to pass upon similar situations involving civil service employees, who were illegally prevented from performing their duties. *Poynter* vs. *State of Illinois,* 21 C.C.R. 393; *Smith* vs. *State of Illinois,* 20 C.C.R. 202; *People* vs.

*Thompson,* 316 Ill. 11; *Schneider* vs. *State of Illinois,* 22 C.C.R. 453.

As against the claim for back salaries, this Court held in the case of *Schneider* vs. *State of Illinois,* 22 C.C.R. 453, that the burden is upon claimants to mitigate damages, and that all monies earned during the period of time from employment, but not investments, should be considered as a set-off against wages claimed because of unlawful dismissal from State employment. *Poynter* vs. *State of Illinois,* 21 C.C.R. 393; *Kelley* vs. *Chicago Park District,* 409 Ill. 91; *Schneider* vs. *State of Illinois,* 22 C.C.R. 453.

In regard to monies received by claimants from other employment and other sources, respondent contends that income from a farm owned by claimant, Donald W. Houston, should also be taken into consideration.

Mr. Houston leased his farm to his sons, who were farming for him on a fifty-fifty basis, and he did on occasions go to the farm in an advisory capacity, and did, also, do a small amount of work around the farm.

This is not the type of employment or income that this Court had reference to in the Schneider case, nor could it be considered in mitigating damages any more than dividends from stocks or interest received on notes or mortgages. We make reference only to gainful employment and monies earned in other employment, whether for themselves or working for someone else, during the period of time referred to herein.

In arriving at claimants' earnings during the period of time from June 30, 1953 to July 6, 1955, we are not segregating the earnings by the month, whether more or less than their salaries of $315.00 a month, but are taking the entire earnings for that period of time and deducting the entire earnings from the salaries that they would be entitled to for that period referred to herein. Also, we

are not going to enter an award for salaries unless claimants have proven that they attempted to find other employment, and, if there is no showing to that effect, there will be no award made for that period of time. We will only consider their salary and earnings from other employment from the date that they started to seek employment and were gainfully employed, as we do not believe that one can sit idly by and draw a salary without attempting to seek employment in mitigation of damages. If this were possible and legal, every employee under civil service so discharged would make no effort to find other employment. This was this Court's holding in the case of *Schneider* vs. *State of Illinois*, 22 C.C.R. 453.

In arriving at an award, first in the case of William R. Otto, he testified that he did not seek employment from July, 1953 until December, 1953, and that in December, 1953 he went into partnership with a friend of his in the electrical work, and that he remained in the partnership until August, 1954. He then worked for an electrician in Bloomington, Illinois, and after that employment went into business for himself as an electrical contractor.

The record is clear that claimant, William R. Otto, made no effort to mitigate damages or seek employment between the time of his discharge as a civil service employee to December, 1953. He is asking $315.00 a month for that period of time.

In arriving at a just award, and not purely by speculation, the record should be clear as to the total amount of earnings during the period from January, 1954 to July, 1955. The record is silent as to this. However, there is evidence that Mr. Otto earned from $150.00 to $600.00 a month when he was working, but he does not specify total earnings. Therefore, in order to make an award, we would have to speculate, which this Court cannot do.

Claimant, William R. Otto, testified, as is found on page 21 of the transcript: "Q. But you did make sufficient money in other months, which would overcome this $315.00? A. Yes, I would say that is right."

As to claimant, Donald W. Houston, his salary at the time of his discharge as a civil service employee, as a Weights and Measures Calibrator, was $315.00 a month. He worked until June 30, 1953, his position, too, being subject to House Bill No. 1130 of the 69th General Assembly.

Mr. Houston is making a claim at the rate of $315.00 a month from July 1, 1953 until December 31, 1953, or a period of six months. He testified that during that period of time he did not seek employment, and had no other employment. Therefore, we are disallowing any claim for that period of time.

Mr. Houston operated a farm on a fifty-fifty basis with his sons. However, the actual farming was done by the sons, and claimant only acted in an advisory capacity doing only a small amount of work.

In arriving at the amount of the award for Mr. Houston, we are computing his loss of earnings from January 1, 1954 to December 31, 1954 at $315.00 a month. This amounts to $3,780.00, and, less his earnings of $1,378.83 for that period, leaves $2,401.17. From January 1, 1955 to July 6, 1955 is a period of six months. As computed at his salary rate of $315.00 a month would total $1,890.00, and, less his earnings of $946.01 for that period, leaves $943.99.

We, therefore, find that for the period of time for which we have computed his loss of earnings of $315.00 a month from the State, less his earnings, claimant would have due him the sum of $3,345.16.

As to claimant, Edmond J. McShane, who was one of the claimants at the time the complaint was filed in

78

this Court, no evidence was offered on his behalf, so said claim was dismissed and is not being considered.

It is, therefore, the order of this Court that no award be made to William R. Otto, and that his claim be denied.

It is, therefore, the order of this Court that the claim of Donald W. Houston is allowed, and an award is made in the sum of $3,345.16.