340

JOHN P. STEPHANITES, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 14, 1963.*

HOLLERICH AND HURLEY and WILLIAM J. WIMBISCUS, JR., Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; EDWARD A. WARMAN, Assistant Attorney General, for Respondent.

PERLIN, C. J.

Claimant seeks $16,916.18 in damages allegedly incurred by loss of salary during his suspension as an employee of the Illinois State Highway Police.

The parties have stipulated as follows: On October 2, 1958, claimant, John P. Stephanites, was employed as a State Police Officer in the State of Illinois with the rank of Sergeant. He had been so employed since July 15, 1941. On October 3, 1958, claimant was suspended on the complaint of William H. Morris, Superintendent of the Division of State Highway Police of the Department of Public Safety. A complaint was filed by said William Morris with the State Police Merit Board charging said claimant with conspiracy, together with other persons, to violate the over-weight and over-width statutes of this State. After several hearings the Merit Board, in a decision dated March 23, 1959, found claimant guilty, and ordered his discharge from the Illinois State Highway Police.

On April 17, 1959, claimant filed a complaint in the Circuit Court of Bureau County requesting a judicial review of the decision of the State Police Merit Board. Upon hearing, the Circuit Court of Bureau County entered an order reversing the decision of the Merit Board, and thereafter the Merit Board appealed the decision of said Circuit Court to the Appellate Court of Illinois, Second District. In its decision of May 1, 1961, the Appellate Court sustained the order of the Circuit Court of Bureau County reversing the State Police Merit Board. No further proceedings have been held in the matter, and the decision of the Appellate Court is now final. On August 16, 1961, claimant was reinstated to his former position as a Sergeant of State Highway Police, and since that date has been and is now performing the duties of such position.

The parties have further stipulated that claimant has received no salary from the State of Illinois for the period of October 3, 1958 to August 16, 1961, and that he would have, during said period, received $17,517.00 in salary from the State of Illinois had he not been suspended.

Respondent argues that claimant should not recover any back salary, since claimant did not prove that at all times during his three-year period of suspension he made every reasonable effort to obtain employment. Respondent further contends that claimant had been replaced in his position in the department, and is, therefore, not entitled to recover any back salary under the rule that payment to de facto employees is a complete bar to a cause of action for back salary.

The evidence does not support the affirmative defense alleged by respondent that claimant had been replaced in his position in the department. Respondent's witnesses

testified that the records do not indicate whether anyone was hired specifically to handle the duties of claimant, although there were some promotions made after his suspension. A letter from State Highway Police Superintendent Morris to the Attorney General, admitted as respondent's exhibit No. 1, states: "therefore, we cannot say with any certainty that any one man was promoted or hired to replace any individual suspended."

However, it is well established that it is the duty of all suspended State employees to mitigate damages incurred through loss of salary due to suspension and discharge, and to do all in their power to seek, find, and accept other employment during the period following discharge. *Schneider* vs. *State of Illinois,* 22 C.C.R. 453; *Otto* vs. *State of Illinois,* No. 4744; *Poynter* vs. *State of Illinois,* 21 C.C.R. 393; *Kelly* vs. *Chicago,* 409 Ill. 91.

Claimant must prove that he did all in his power to mitigate his damages by seeking employment. If he does not so prove, it is the function of this Court to determine the reasonable amount whereby an award should be mitigated. *Schneider* vs. *State of Illinois,* 22 C.C.R. 453.

Claimant testified that he made numerous attempts to search for jobs. His principal efforts were directed at jobs with construction companies and factories. He obtained employment on approximately four occasions. On two of these occasions he worked for a construction company. He also did odd jobs for the City of Spring Valley, and worked for the cemetery sexton. None of these jobs lasted more than a week, and his total earnings from these endeavors was only $600.83 for nearly a three-year period.

Claimant contends that he was hampered in obtaining employment because of his lack of education or special training, the fact that he was not a member of a union,

and the further fact that he was more than 50 years of age.

It is the opinion of the Court that claimant has not established that he did all in his power to mitigate his damages by seeking and obtaining employment. We presume that one, who has attained the position of Sergeant in the Illinois State Highway Police, is a person of substance, and has reasonable ability to undertake a variety of jobs. Even if claimant sought menial work, he should have been able to earn $1.00 an hour for a forty-hour work week. The record shows that claimant concentrated his efforts to obtain employment principally on selective types of higher rated jobs.

In the light of the facts herein, it is the opinion of the Court that claimant's recovery should be mitigated to the extent of $40.00 per week for the time he was unemployed. For the period involved, this would equal the sum of $4,970.00.

Claimant is hereby awarded $13,547.00.