(No. 5019-

ALBERT J. BARAUSKI, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 14, 1963.*

CHARLES M. NELSON and JAMES D. O'GRADY, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; EDWARD G. FINNEGAN, Assistant Attorney General, for Respondent.

PEZMAN, J.

Albert J. Barauski, claimant, seeks to recover the sum of $17,352.00 in salary for a period of suspension from October 12, 1958 to August 16, 1961, when the claimant was restored to his position as a Sergeant in the Illi-

nois State Police as the result of a decision by the Appellate Court of the State of Illinois.

The evidence discloses that claimant was employed as a State Police Officer by the State of Illinois from March 28, 1949 to October 11, 1958, at which time he was suspended from duty by the Superintendent of the Illinois State Police. At the time of his suspension he was a Sergeant. Hearings were held before the State Police Merit Board relative to the charges filed against claimant, and, by order and decision of that Board, dated March 23, 1959, claimant was discharged. Claimant filed an application for judicial review of the decision of the State Police Merit Board, and, after a hearing, the Circuit Court of Bureau County, Illinois, reversed the findings of the Merit Board. The State of Illinois, respondent, then appealed to the Appellate Court of the State of Illinois in the Second District. This Court considered the merits, and affirmed the decision of the Circuit Court of Bureau County, reversing the State Police Merit Board. No further proceedings were held relative to the matter, and the decision of the Appellate Court became final. Claimant was restored to duty on August 16, 1961. There is no dispute as to the amount, being $17,352.00, in salary lost during the period of suspension.

Respondent contends that it is entitled to a set-off for wages earned by claimant during the period from October 11, 1958 to August 16, 1961, and that all earnings of claimant during the period of suspension and wrongful dismissal be used as a set-off in determining the amount of the claim against the State of Illinois.

Claimant contends that he had applied for and received permission from the Superintendent of Illinois State Police, Phil M. Brown, to perform off-duty employment, and that this provision had never been revoked. He

testified that he had authority to work 20 to 25 hours a week, based on 4, 5 or 6 hours a day, as a compositor. Claimant stated that he made reports from time to time to his superiors relative to his off-duty employment. Claimant argues that, in the event respondent is entitled to a set-off, the entire amount of claimant's earnings during his period of suspension should not be taken into consideration, because claimant had permission to work a portion of this time. Claimant testified that after his wrongful suspension he took up his trade on a full-time basis. It is this contention of claimant upon which the Court has focused its greatest attention. This Court has recognized time and time again that it is the duty of the claimant to mitigate his alleged damages by doing everything in his power to seek, find and accept other employment during the period of his illegal suspension. This position has been supported by *Schneider* vs. *State of Illinois,* 22 *C.C.R.* 453, *Otto* vs. *State of Illinois,* No. 4474, *Kelly* vs. *Chicago,* 409 Ill. 91, *Poynter* vs. *State of Illinois,* 21 C.C.R. 393, and many others cited by this Court on numerous occasions.

The evidence shows that claimant was a compositor by trade prior to his employment by the Illinois State Police, and that upon his suspension he returned to this trade as a full-time employee. The same transcript of evidence discloses that, during his employment by the Illinois State Police from March 28, 1949 until the time of his resignation subsequent to his restoration, claimant had always worked the shift from 12:00 M. to 8:00 A.M., in order that he could work part-time at his trade as a compositor. The evidence clearly discloses that his superiors were fully aware of his extra employment, and that he had complied with the regulations of the Department with regard to procuring approval for part-time work outside of his regular hours of employment as a

State Policeman. Claimant testified that he had the authority to work 20 to 25 hours a week, based upon 4, 5 or 6 hours a day, and this testimony was not disputed by any of respondent's witnesses.

It is the contention of claimant that, should this Court find that he is not entitled to the full amount of his salary lost by him during the period of his suspension and wrongful dismissal, he should be entitled to a reasonable application of the mitigation rule by virtue of the fact that he had previously been given the right to work at least half of the amount of time that he was working during his suspension. The proof in the case at hand further indicates that he was not able to work more than 40 hours per week as a compositor during the period of his suspension. We find some merit in claimant's contention as to the reasonableness of the application of the rule to mitigate, and believe that the set-off must be reasonable. Claimant establishes a total loss of salary during his suspension of $17,352.00. The evidence introduced in his behalf indicates that his earnings during that same period of time amounted to $15,742.00. We hold that claimant should not be penalized, and his claim only mitigated to the extent of one-half of his earnings, or the sum of $7,871.00.

Claimant is, therefore, awarded the sum of $9,481.00.