(No. 5020-

NICHOLAS MELLAS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 14, 1963.*

WOLSLEGEL AND ARMSTRONG, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; EDWARD G. FINNEGAN, Assistant Attorney General, for Respondent.

351

PEZMAN, J.

Claimant, Nicholas Mellas, by reason of his reinstatement by the Illinois Civil Service Commission following his disciplinary suspension and wrongful discharge by the Illinois Youth Commission, seeks to recover back salary in the amount of $1,603.33.

The parties hereto stipulated as follows: That claimant, presently a Guard Sergeant at the Industrial School for Boys in Sheridan, Illinois, was appointed to his present position on February 16, 1954, and performed his duties until written charges seeking a thirty day disciplinary suspension pending discharge was served on claimant on February 20, 1961; that notice of grievance concerning this disciplinary suspension pending discharge was filed with the Chairman of the Illinois Youth Commission on March 1, 1961; that on March 20, 1961 written charges seeking the discharge of claimant, effective March 20, 1961, were served on claimant; that claimant appealed by written notice of appeal to the Illinois Civil Service Commission; that a hearing was held before John Morrow, Hearings Referee, on April 28, 1961, and, on November 22, 1961, Morrow's decision was that claimant be retained in his position as Guard Sergeant at the Illinois Industrial School for Boys with full compensation; that the decision was unanimously concurred in by the Illinois Civil Service Commission on November 29, 1961; that claimant requested the Director of the Department of Personnel to review the thirty day disciplinary suspension in accordance with the Department of Personnel Rule No. 25; that the Department of Personnel,

through its Director, replied by letter stating that the Department would be bound by the ruling of the Civil Service Commission as to the thirty day disciplinary suspension insofar as the accrual pay and other benefits were concerned; that on December 15, 1961 the Director of the Department of Personnel, by letter, recommended to the Chairman of the Illinois Youth Commission that claimant be paid his regular monthly salary from February 20, 1961 to March 20, 1961, the period of disciplinary suspension.

In the cause at hand, claimant Mellas testified that he had no employment, and earned no money during the time he was wrongfully suspended and discharged except the sum of $112.00 in National Guard drill pay, He further stated he had received no salary for the period from February 20, 1961 to July 1, 1961, but that he was paid $1,530.70 back salary from July 1, 1961 to December 10, 1961 by the Youth Commission. Claimant further testified that his gross salary of $1,603.33 for the period from February 20, 1961 to July 1, 1961 was not paid due to the fact that the appropriation for the salary for the period in question had lapsed. These facts were confirmed by the testimony of Dr. Arthur E. Wright, Superintendent of the Illinois Industrial School for Boys at Sheridan, who was also called as a witness. Dr. Wright testified claimant was paid back salary for the period from July 1, 1961 to November 30, 1961, and further stated that claimant would have been paid his salary from February 20, 1961 to July 1, 1961, if the appropriation had not expired. Respondent raises the argument that it was the duty of claimant to mitigate his alleged damages by securing employment; that, in fact, it became incumbent upon claimant to show that all times during his ten month period of suspension he made every effort consistently to obtain employment.

The principle that it is the duty of every suspended State employee to mitigate damages incurred through loss of salary due to suspension and discharge, and to do all in their power to seek, find, and accept other employment during the period following discharge is well established. *Schneider* vs. *State of Illinois,* 22 C.C.R. 453; *Otto* vs. *State of Illinois,* No. 4744; *Poynter* vs. *State of Illinois,* 21 C.C.R. 393; *Kelly* vs. *Chicago,* 409 Ill. 91, and many others. However, the mitigation rule cannot be broadly applied without distinction as to the particular facts of each case. In the case at hand, we are only concerned with the period from February 20, 1961 to July 1, 1961, or a total of approximately four months and ten days of the total suspension of ten months. The Youth Commission has already paid him his back salary from July 1, 1961 to November 30, 1961, after being told to do so by the Department of Personnel. During the four month period involved in the claim at hand, claimant was grossly occupied defending the charges against himself. The facts reveal that written charges were served on claimant on February 20, 1961. These charges sought a thirty day disciplinary suspension pending discharge. Subsequently, on March 1, 1961, a notice of grievance concerning this disciplinary suspension was filed with the Chairman of the Youth Commission. On March 20, 1961, written charges seeking the discharge of claimant, effective March 20, 1961, were served on claimant, and after that claimant appealed by written notice of appeal to the Illinois Civil Service Commission for a hearing in defense of the written charges. A hearing was held before the Hearings Referee on the 28th day of April, 1961, and again later on November 22nd of the same year. It is easy to discern that claimant had his hands full defending the charges against him during the period for which the

354

appropriation has lapsed for salary that he claims. The basic facts are not in dispute between the parties hereto, nor are the amounts claimed by claimant disputed by respondent, and, in fact, the chief witness called by respondent, Dr. Arthur Wright, Superintendent at the Industrial School, testified that claimant was not paid for the period of February 20, 1961 to July 1, 1961, but was paid for the period from July 1, 1961 to November 30, 1961, and that claimant would have been paid his salary for the prior period starting February 20th, if the appropriation had not expired.

It is the opinion of this Court that claimant has clearly established his right to recover his back salary for the period involved, February 20, 1961 to July 1, 1961, without the application of the rule requiring him to mitigate by seeking and obtaining employment. The application of this rule has been distinguished herein, and the particular facts involved in this cause, including the short span of time, the large number of charges and defenses required of claimant, cause this Court to believe that claimant could not have had much time during the four month and ten day period within which to mitigate, and still prepare his own defense.

Claimant is hereby awarded the sum of $1,603.33.