(No. 77-CC-0514)

GEORGE S. GRAYNED, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 13, 1978.*

SORLING, NORTHRUP, HANNA, CULLEN & COCHRAN, by MICHAEL MEYERS, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

This matter comes before the Court on a petition filed by Claimant for wages allegedly due him as a result of a layoff which was approved by the Director of the Department of Personnel of the State of Illinois. He held the position of Corrections Community Consultant with the Commission on Delinquency Prevention.

Subsequent to said layoff, Claimant requested a layoff reconsideration hearing pursuant to Rule 2-596 but the Director of the Department of Personnel upheld the layoff. A petition was then filed with the Illinois Civil Service Commission alleging that a new employee had been hired subsequent to Claimant's layoff with the Commission on Delinquency Prevention and that the new employee was doing similar or identical work to that being performed by Claimant at the time of the layoff.

On January 21, 1977, the Director of the Department of Personnel rescinded prior approval of the layoff because of violations of the Department of Personnel Rules and ordered the Claimant reinstated to work.

There has also been filed in this case a joint stipulation as to Facts by Respondent and Claimant which is attached hereto as an appendix to this opinion.

In addition, a letter was sent by certified mail to Robert S. O'Shea, Deputy Clerk of the Illinois Court of Claims, dated June 2, 1977, from Sorling, Northrup, Hanna, Cullen and Cochran, Ltd., Attorneys at Law, and signed by Michael Myers, a member of the firm, which letter claimed an attorney's lien under Ill. Rev. Stat., Ch. 13, Sec. 14, 1978, in the amount of $556.20.

This Court has on many occasions considered the question of reimbursement to an employee for an unlawful discharge. A well-written opinion was rendered by this Court in the case of *Burke v. State of Illinois, 26 Ill.Ct.Cl. 9, which states in part:*

"Since the decision of the Supreme Court of Illinois in *Kelly v. Chicago Park District, 409, Ill. 91,* it has been the rule of the Courts of Illinois that one who is wrongfully discharged is entitled to collect his full salary covering the period of wrongful discharge with the exception that any amounts earned by the individual from other employment during the period of discharge are to be used as a set-off. Claimant urges that this rule has been changed by an amendment to Sec. 62B-111 of Ill. Rev. Stat. Ch. 127. The amendment was added a few months after the decision was announced in the *Kelly* case, and the Statute now provides that an officer or employee shall receive "full compensation" for any period during which he was suspended pending the investigation by the Civil Service Commission of charges against him. It is Claimant's contention that the words "full compensation" evinces legislative intent to abrogate the rule concerning set-off.

Since the decision in the *Kelly* case, the Courts of Illinois have had occasion to reexamine the rules of set-off in cases involving Civil Service employees who were wrongfully discharged. The following cases all reaffirm the rule set forth in the *Kelly* case:

*Murray v. City of Chicago, 171 N.E.2d 492, 28 Ill. App. 395;*

*People ex rel. Krich v. Hurley, 169 N.E.2d 107, 19 Ill. 2d 548,*

*People ex rel. Borne v. Johnson, 48 Ill. App. 2d 307, 199 N.E.2d 68.*

The Court of Claims has consistently followed the rule decided in the *Kelly* case, and it appears conclusive that any award to Claimant for salary loss between March 3, 1961, and June 30, 1961, must be offset by any earning he received from other employment during that period."

This Court has consistently followed the rule in Volume 26, at pages 117, 326 and 502, and in Volume 25 at pages 87, 89, 195, 198, 201 and 205.

This Court, in the case of *Randolph, Inc. v. State of*

Illinois, 28 Ill.Ct.Cl. 279, considered the matter of stipulations.

It appearing to the Court that Claimant was illegally discharged, the Court finds he is entitled to an award.

We find Claimant is entitled to back salary in a gross amount of $6,588.00, less the deductions for offsetting income in the sum of $4,243.90, and, in addition, the sum of $1,110.62 for 16 1/2 days of unpaid vacation at the time of resignation. This makes a total gross of $3,454.72 due Claimant.

We further find that there is due as employer's contributions the sum of $643.50, making a total award of $4,098.22, to be disbursed as follows:

The sum of $441.40 to State Employees Retirement System as State contribution.

The sum of $202.10 to State Employees Retirement System as State's share of FICA.

The sum of $202.10 to FICA, as Claimant's share.

The sum of $86.37 to Illinois Department of Revenue, State Withholding Tax.

The sum of $690.94 to Illinois Department of Revenue, Claimant's Federal Withholding Tax.

The sum of $2,475.31 to Claimant — net after deductions from gross sum of $3,454.72.

It is ordered that Claimant is hereby awarded total employee benefits of $4,098.22 (which includes employer contributions of $643.50) and that said amount be disbursed and credited in accordance with our above finding.

It is further ordered that the net sum payable to Claimant is subject to an attorney's lien of $556.20 in favor of Sorling, Northrup, Hanna, Cullen & Cochran, Ltd., attorneys for Claimant.