(No. 81-CC-2097—)

ELVIS ROWLAND, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 16, 1982.*

RICHARD F. McPARTLIN, for Claimant.

TYRONE C. FAHNER, Attorney General (PAUL M. SENGPIEHL, Assistant Attorney General, of counsel), for Respondent.

ROE, C. J.

This case involves a request for back salary claimed by Elvis Rowland, for a period of time from May 9, 1978, to and including March 20, 1980.

The facts of this case in chronological order, and stipulated to by both parties, are:

a. Prior to January 13, 1978, Claimant was a special agent of the Illinois Liquor Control Commission, having certified status in that position.

b. On January 13, 1978, Claimant was suspended from that position pending discharge by Jack Wallenda, then executive director of the Illinois Liquor Control Commission.

c. On February 8, 1978, Claimant was discharged, effective that date, terminating the original suspension of February 8, 1978.

d. On February 9, 1978, Claimant requested a hearing on the charges. The

hearing was continued from time to time until evidence was heard on June 20, 1978, and July 7, 1978.

e. On August 30, 1978, the hearing officer recommended a 90-day suspension for Claimant, and on September 21, 1978, the Civil Service Commission adopted the recommended decision.

f. On September 22, 1978, the Liquor Commission filed an administrative review decision seeking a discharge of Mr. Rowland, and thereafter Mr. Rowland filed an administrative review decision.

g. These two cases were consolidated in the circuit court of Cook County, and on March 20, 1979, Judge Dunne affirmed the decision of the Civil Service Commission.

h. On March 20, 1981, Mr. Rowland returned to his position and has been working since that date.

i. The amount of back pay sought by Mr. Rowland is $11,990.71, reduced by $706.00 received from unemployment compensation, having a balance claimed of $11,284.71.

These facts having been stipulated to, the issue becomes whether Mr. Rowland sufficiently attempted to mitigate his damages by actively seeking to find and accept other employment.

The evidence showed that Claimant during the 15-month period did receive unemployment compensation until he was determined ineligible. He visited the Urban Progress Center several times and sought employment at J.M. Corbett Construction, Hyre Electric and Wood's Electric. This evidence was brought out by the Attorney General in his cross-examination of the Claimant, and was allowed as direct evidence by stipulation of the parties.

The Claimant further testified that during the period of the suspension he was actively involved with his attorneys in the appeal of the discharge case and defense of the criminal case. This situation is similar to the facts in *Mellas v. State of Illinois*, 24 Ill. Ct. Cl. 350, in which the Court allowed an award since "It is easy to discern that Claimant had his hands full defending the charges against him during the period . . ." It should also be

noted that it was the Illinois Liquor Control Commission that initially filed the complaint for administrative review, which delayed Claimant's return to work from September 22, 1978, until March 21, 1979.

Based on Claimant's testimony, he did actively seek employment throughout the entire suspension period and based on the fact that he was actively involved with the defense of the Illinois Liquor Commission's appeal of his 90-day suspension, as well as his defense of the criminal charges, which arose from the same incident, it is the finding of the Court that Claimant did attempt to mitigate his damages and is hereby awarded the sum of $11,284.71.